W. C. PIERCE v. THE STATE.

Informality in the *cenire* by which the grand jury are brought into Court, that is in the form of the writ itself, is no ground for quashing an indictment.

Where the record recited that R. B. Hudnall was ordered to act as foreman of the grand jury, for the Term, " who being called comes and is sworn according to the " statute to discharge the duties as foreman of the grand jury ; and now come the " other members of the grand jury, who take a like oath," it was held to be tantamount to a statement that the grand jury were sworn according to law, and to be sufficient.

The case of Epps v. The State, 10 Tex. R. 474, as to the signing of an indictment by a person purporting to be District Attorney *pro tem.*, confirmed.

It seems that " then and there " after reciting the county for which the grand jury are impanneled, is a sufficient laying of the venue ; or perhaps it was deemed the motion to quash, on this ground, should have been confined to the first count, which alone was liable to the objection, if any.

Where it was argued in this Court, that the evidence was not sufficient to sustain a conviction for gaming, because the witnesses merely testified that they supposed that money was bet, and they understood that money was bet, it was answered that no objection was made at the trial to the manner in which the witnesses testified.

Where the first count in an indictment for playing at cards, after reciting the name of the county for which the grand jurors were impanneled, stated that the defendant " on the first day of April in the year of our Lord one thousand eight " hundred and fifty-two, in a house for retailing spirituous liquors, occupied by " Hardy Holman and W. C. Pierce, did then and there play at a game of cards," &c. ; and the second count which contained a formal statement of the venue, laid the offence "in a certain out-house where people resort ;" and the proof

sustained the first count as to the place, this Court sustained the verdict of conviction, notwithstanding there had been a motion overruled to quash the indictment, because a sufficient venue was not laid in the first count.

See this case for evidence which was held to be sufficient to warrant a finding of guilty of playing at a game of cards in a house for retailing spirituous liquors, or an out-house where people resort.

Where the Court instructed the jury " that money could be bet without being on " the table or in sight; that it was unlawful to play cards in a grocery, and in " any part or room, whether front room or back room, in bar-room or bed-room, " separated by never so many partitions ; and that if they found the defendant " guilty, they might consider, in assessing the amount of the fine, the testimony " as to defendant's character and occupation as owner of the grocery," the room was separated from the bar-room by one room and was occupied as a bed-room by the defendant ; it was held there was no error.

Appeal from Smith.    The *venire facias* was as follows :
" STATE OF TEXAS,⎫ To the Sheriff of Smith County, Greet-
" *County of Smith,*⎭    ing :

"You are hereby commanded to summon the following " named persons, to wit: (names them) to be and appear at " the Court House in the town of Tyler on the 5th Monday " after the third Monday in March next, 1852, then and there " to answer to their names when called as jurors during said " Court.   Herein fail not to make due service and return of " this *venire facias* to our said Court, under the penalty of " the law.

" *Test.* : A. J. ELLIS, Clerk of our said Court.   Given " under my hand," &c.

Sheriff's return.   " Executed by summoning all the within " named persons, except, &c., them not found, this 12th day " of April, 1852.         J. N. McKINLEY, Sheriff," &c.

Motion.   Now comes the defendant by his attorney and moves the Court to quash the indictment in this cause for the following reasons, to wit:

1st. Because there does not appear to have been any *venire facias* issued in due form of law as required by the statute regulating jurors.    2d. Because the *venire* does not require the Sheriff or other officer to summon the persons named in said *venire* to serve as jurors.    3d. Because the grand jury

who found the bill was not sworn as the statute prescribes, as the records plainly show. 4th. Because there was no District Attorney during the Term of the Court at which said bill was found, legally or constitutionally authorized to hold and exercise said office. 5th. Because there is no venue laid in the first count of the indictment. 6th. Because the return of the Sheriff does not show how it was executed. Motion overruled, defendant excepted. The record stated that R. B. Hudnall was ordered to act as foreman of the grand jury for the present Term of this Court, " who being called, comes and is sworn " according to the statute to discharge the duties as foreman " of the grand jury, and now come the other members of the " grand jury, who take a like oath."

One witness testified that he had seen the defendant play at a game of cards ; that he supposed there was money bet upon the game ; that coffee grains were used by the parties playing, to keep the game ; that the playing was in the bed-room of defendant, in Smith county, within twelve months of the time of the Court at which the indictment was found ; that the bed-room was separated from the grocery by one room ; that he had seen the defendant play two or three games in said bed-room, at which coffee grains, grains of corn, or nails were used for the purpose of keeping the game. Another witness testified to the same effect, " that it was his understanding that there was money bet on the game ;" that the playing was in a room occupied by defendant as a bed-room, all under one roof, and part of the same establishment, though put up after the other part of the house.

The Court charged the jury, that if they found that the defendant played at a game of cards, upon which money was bet, in the grocery, &c., they would find him guilty ; they must believe money was bet ; that money may be bet without being on the table or in sight, as a house or town lot may be bet on cards, without being on the table or in view ; that the law makes it unlawful to play cards in a grocery, and in any part or room, whether front room or back room, in bar-room

or bed-room, separated by never so many partitions, it is unlawful to play there. If they found the defendant guilty, they might consider, in assessing the amount of the fine, the testimony as to defendant's character and occupation as owner of the grocery. The most innocent violator of the statute is fined $10, the most habitual cannot be fined more than $25. Jurors should apportion the fine according to circumstances. To which charge the defendant excepted. The defendant made a motion for a new trial based upon the ruling of the Court on this motion to quash the indictment and the charges of the Court.

The errors assigned were as follows : 1st. The Court erred in overruling the motion to quash the indictment.

2d. The Court erred in charging the jury.

3d. The Court erred in refusing to grant a new trial as asked for by the defendant.

4th. The Court erred in refusing to act upon the defendant's motion for a new trial.

The indictment was signed by B. T. Selman, District Attorney *pro tem*.


*S. Reaves*, for appellant. I. The motion to quash the indictment ought to have been sustained by the Court below,

1st. Because the paper purporting to be a *venire facias*, is not such a *venire* as contemplated by the statute. That law requires that the *venire facias* shall be in due form, directed to the Sheriff or other " officer, containing the names of the " persons who have been drawn to serve as jurors, and com- " manding him to summon them to appear and serve as jurors " at the next succeeding Term of the District Court," &c. (Hart. Dig. Art. 1647.) The *venire* does not require the Sheriff as the law requires it should do ; and consequently is no *venire*. And if the grand jury were impanneled without a *venire*, it is not in accordance with law, and therefore their acts as such are voidable at least.

II. In order that an indictment found by a grand jury should be good, they must be sworn, otherwise a bill found by them would be voidable, if not void of itself. So if they take any other oath than the one prescribed by law. (Arthur v. The State, 3 Tex. R. 403.) When the Legislature undertakes to prescribe the oath which shall be taken, it must be observed. (Ib.) In this case the record shows conclusively that the grand jury that formed the indictment, were not sworn as the law required they should be, but that they were sworn entirely different.

The records of the Term of the Court at which the indictment was found, show the following order and action of the Court, to wit: "Ordered by the Court that R. B. Hudnall act "as foreman of the grand jury for the present Term, who "being called, comes and is sworn according to the statute to "discharge the duties of foreman of the grand jury; and now "come the other members of the grand jury and take a like "oath." This is not the oath that the statute requires that the grand jurors shall take. (Hart. Dig. Art. 1653.) If the records showed that the grand jury had been duly or legally sworn, the presumption would have been in favor of the correctness of the oath they had taken; but the record shows that it was disregarded in that respect. (Arthur v. The State, 3 Tex. R. 403.)

III. The District Attorney is an officer of the Court, and in order to make his acts valid and binding, he must be eligible to hold an office under the Constitution and laws of this State. B. T. Selman who was acting as District Attorney, and whose name appears on the indictment as such, was not eligible to hold any office under the Constitution and laws of this State, he not having been a citizen of the State twelve months prior to the time of his qualification.

IV. The indictment is bad for the reason that there is no venue laid in it. It does not charge the offence to have been committed in the county. (Searcy v. The State, 4 Tex. R. 450; 1 Chitt. Cr. Law, 177.)

V. A new trial should have been granted for various reasons. 1st. Because there is no venue laid in the first count in the indictment. 2nd. There was no testimony to support the second count. 3rd. There was not sufficient testimony to support either of the counts, there being no witness who testified that there was money bet on the game, but that the witness supposed there was money bet, &c., which is not sufficient evidence to authorize the jury to find a verdict of guilty. (Tuberville v. The State, 4 Tex. R. 128.) The mere supposition of a witness is not sufficient to authorize a conviction.

*Attorney General*, for appellee. I. Articles 1647, 8, 9 of the Digest, relied on by appellant as sustaining his objections to the *venire facias* and its execution and return, are clearly only directory to the Clerk and Sheriff, and their deficiencies could at most have been objected to successfully by the persons summoned as jurors, in their exculpation for not attending in obedience to the writ. As between the appellant and the State, they fully accomplished the object of the law, in procuring the attendance of those of whom he was entitled, to form the grand jury.

Objections to the regularity of this writ have probably been sustained upon nice grounds, when they furnish the Sheriff authority to select jurors. While, under our law, being only intended to command the Sheriff to summon persons already selected, the same character of objections ought not to be entertained.

II. The 3rd ground of the motion to quash is even more clearly not maintainable. The record shows that the foreman was sworn according to law, and that the rest of the grand jurors "took a like oath." Now a "like oath" is not the same, and this exception would not be considered well taken, even in a school house, unless "the school-master was abroad." The record does not undertake to recite the oath of the foreman, but only states that he was sworn according to the statute; and in saying that the other members of the grand jury

" took a like oath," it only says that they too took the oath. prescribed for them by law.

III. The 4th exception, " that the indictment was signed by " the District Attorney *pro tem*, has repeatedly been answered " by this Court, in cases similar to this."

IV. That there is no venue laid in the first count of the indictment, might well be questioned in point of fact. After mentioning the county of Smith, as the territory for which the grand jury were to inquire of offences, and stating the day on which the playing took place, it says the defendant " did then and there play at a game," &c. Then and where? In the county of Smith, which is the only place or venue that had been mentioned. But waiving this answer to this exception, the District Court did not err in not quashing the indictment on account of it, as there was another count which was good and which was sufficient to save the indictment. (King v. The State, 10 Tex. R. 281.)

V. The 6th objection has been considered under the first ground of exception to the indictment.

VI. The 2nd error assigned is " that the Court erred in its. charge to the jury." This exception merits but little attention. The particular of the charge objected to is that part of it in which the Judge says, " the jury may consider, in assessing " the amount of the fine, the character and occupation of the " defendant as owner of the grocery," &c. The Judge clearly means that the jury might, in determining the amount of the fine, take into consideration of the fact that the defendant furnished the means and place of playing, that being a place where such playing was illegal, and liquor (the pabulum of gaming) was sold. After all, this charge could have had but little influence, as defendant was fined but a small amount over the minimum.

VII. The fourth error assigned, " that the Court erred in overruling defendant's motion for a new trial," and the 5th, " that the Court erred in refusing to act upon the motion for a new trial," are not sustained by the record, as it contains no.

action of the Court in reference to this motion, either in over-ruling or refusing to consider it.

VIII. Now, admitting that the first count of the indictment is defective, there being no motion for a new trial overruled, we are bound to sustain the verdict and judgment, there being one good count upon which they can rest. (King v. The State, before cited.)

WHEELER, J. Various objections have been taken to the judgment, which would have seemed scarcely deserving of notice, but for the importance which appears to have been attached to them by counsel in argument.

It is objected to the *venire facias* that it is not in due form and does not contain the proper direction to the officer. We are not informed by the argument, and it is not perceived, what words are omitted, or in what the supposed misdirection or informality consists. The writ appears to conform substantially to the statute. (Hart. Dig. Art. 1647.) But if it be defective in form, that manifestly was no ground for quashing the indictment. The only purpose of the writ was to notify the persons liable to serve as jurors to attend at the time and place appointed for the performance of that service. When the writ had been executed and returned, it was *functus officio*. It had performed its office; and if so defective as not to have answered the purpose designed, of giving the persons intended to be summoned, the requisite legal notice, that might be a good excuse for their failure to attend. But there is no pretence that the writ did not fully answer the purpose for which it was intended. A jury was in attendance in obedience to the summons; no question was made by them as to its legality or sufficiency; and they were the only persons who had the right to object that the notice, which it was the sole purpose of the writ to afford them, was insufficient. If the Sheriff had failed to obey the *mandate*, and his omission of duty was in question, he might have objected to its legal sufficiency; or, if the jurors had been punished for a contempt

in failing to obey the summons, they doubtless might question the legal sufficiency of the service; no one else can.

The objection that the jurors were not duly sworn, is not supported by the record. The entry does not profess to give the form of the oath administered, nor was that necessary. It recites that they were sworn "according to the statute," &c., which admits no other reasonable inference than that the oath prescribed was administered. (Russell v. The State, 10 Tex. R. 288.)

. The objection to the want of signing by a legally qualified District Attorney is disposed of by our opinion in Epps v. The State. (10 Tex. R. 474.)

The objection that there is no venue laid to the offence charged in the indictment is not supported by the record.

We have inspected the record and see no ground for reversing the judgment. No objection was made to the manner in which the witnesses testified. The evidence was sufficient to warrant the finding of the jury. There is no error in the charge of the Court. The conviction was in all respects legal and correct; and the judgment is affirmed.

Judgment affirmed.