## CHAUNCY JOHNSON V. F. M. NASH'S HEIRS.

Where the question was limitation, and it appeared from the statement of facts
that the chain of title on behalf of the defendant was proved by parol, without
apparent objection, this Court declined to revise the instructions to the jury, on
the ground that it was not competent to prove title to real estate by parol, in
such a case.

Appeal from Bastrop. It appeared from the statement of
facts that a witness for the defendant testified, without appa-
rent objection, that Joseph Jones kept possession of the pro-
perty until he sold it to Thomas Glascock ; that Glascock sold
it to H. V. Allen ; that Allen died in 1841 or 1842, and Mark
M. Rogers, as his administrator, sold the property to William
S. Holton, who took possession in 1842.

On account of the minority of the plaintiffs, the case de-
pended on whether the Statute commenced before the death of
the ancestor. The other facts appear from the Opinion.

*Hamilton & Walton*, for appellant.

*F. W. Chandler*, for appellees.

HEMPHILL, CH. J. This was a suit by the widow and heirs
of Francis M. Nash, deceased, to recover of the defendant,
Chauncey Johnson, certain town lots in the town of Bastrop.
The lots had been sold by one Joseph Jones to the said Fran-
cis M. Nash in the Spring of 1840, and in the Fall of the same
year Francis M. Nash departed this life. Jones continued in
possession after the sale, claimed and exercised acts of owner-
ship, and by averment in the answer and parol proof, he sold
the lots subsequent to the death of Nash, and by successive

sales the possession was continued down to the defendant, who had himself been in possession more than five years under a deed duly executed and recorded. The several mesne conveyances from Jones down to defendant, which were alleged to exist, were not offered in evidence.

The only question which has been discussed in argument by the appellant is, in relation to the refusal of the second instruction sought by him in the Court below. This instruction was to the effect, that if the jury believed from the evidence that Francis M. Nash never in his life time asserted any right to the property in controversy, and that it was notorious in the community where the property is situated, and in which they both lived, that Jones claimed the property and held the possession of it as his own from the date of the deed from Jones to Nash to the period of Nash's death, it would be such notice to Nash of adverse possession, as to cause the Statute of Limitations to commence running in favor of Jones, and that the Statute in such case would not cease to run at Nash's death. The defendant proved by various witnesses, that Jones continued in possession after the sale to Nash, claiming the lots as his own. The tenant of Jones, in possession at the time of sale to Nash, (if the purport of his deposition be not misconceived,) continued to reside in the house until and after the death of Nash, as a rentee from Jones. He testified that he knew that neither Nash in his life time, nor his representatives since his death, ever exercised any ownership or control over said lots, by possession or otherwise, whilst the witness lived in the town of Bastrop, from 1838 to 1842, and that Jones did exercise ownership both before and after the death of Nash. The witness Nicholson testified that during the period between the date of the deed to Nash, and Nash's death, Jones was using and claiming the property publicly as his own ; that it was generally known in the community where both Jones and Nash lived and where the property was situated, that Jones was so claiming the property ; that during that period h nev-

er heard Nash claim said lots, nor did he ever hear of his claiming them ; that Jones was offering the property for sale and tried to sell to the witness. The witness thought that Nash must have known that Jones was claiming the property as his own. It was in proof by another witness, that Jones kept possession of the property until he subsequently sold to Glascock. This evidence, if it had been followed by competent proof of continued possession, adverse to the rights of Nash, would have been sufficient to authorize the Court to submit .to the jury whether, under the facts, the possession of Jones had not been adverse from the commencement, at a period antecedent to the death of Nash. There is no fiduciary relation by operation of law, between a vendor and the vendee after an executed contract of sale, and either may claim the aid of the Statute of Limitations to support his possession. Generally some arrangement exists by which the vendor is permitted to retain possession, and presumption of its existence might, on slight proof, be inferred ; but the law creates no trust, and to give operation to the Stutute, such a clear, positive disavowal of the title and assertion of an adverse claim, brought home to the party either expressly or by implication from the circumstances, would not be required, as there would be in cases where a fiduciary relation exists, and where the possession was taken originally in subserviency to the title of the real owner.

But, although the facts were such as if properly supported by proof of subsequent possession, should have been submitted to the jury, as circumstances conducing to establish adverse possession, yet it is believed there was no error in refusing to submit the instruction to the jury. The defendant had averred that the possession was continued from Jones down to himself under successive sales and deeds of conveyance, all duly recorded, and that they would be shown, or copies of them exhibited as proof on the final trial. None of these deeds were offered in evidence, except the one from Holton immediately

to the defendant. The term of limitation, under adverse possession, may be made by tacking the possessions of successive tenants claiming successively from one to the other; but where a possessor claims by conveyance from a previous tenant, the the conveyance should be shown. Contracts for the sale of lands must, under the Statute of Frauds, be in writing; and estates of freehold must be created by deed; and when a sale is alleged, it should be proved by writing or deed. The answer alleges deeds, and to prove the continuance of possession, the deeds should have been produced. The instruction refers to the acknowledged principle, that where the Statute commences running in the life time of the ancestor, it will not cease at his death. But this is inapplicable to limitations against actions for the recovery of lands. As to such actions, limitation only runs during the continuance of adverse possession. If that be interrupted, limitation ceases, and commences again from the beginning on the resumption of adverse possession. When the term is complete, the title under it is secure, and it is immaterial whether possession ceases or is continued.

Judgment affirmed.