THE STATE v. MEGGINSON LOVING.

Where the minutes of the Court stated that the foreman of the grand jury came forward, together with his fellow jurors, and were duly sworn as the law prescribes, and a motion to quash the indictment, on the ground that it did not appear by the minutes, that the foreman took the oath prescribed by law, was sustained, the judgment was reversed.

Appeal from Titus.   Before the Hon. William S. Todd.

Indictment for an affray.   Motion to quash, on the ground that it did not appear from the minutes of the Court, that J. W. Clark, the person appointed by the Court, took the oath prescribed for the foreman of the grand jury.   The minutes of the Court showed the venire ; its return ; the election of the grand jurors, and continued as follows :  John W. Clark was then appointed foreman of said grand jury, who came forward, together with his fellow jurors, and were duly sworn as the law prescribes ; and after hearing the charge of the Court, &c.   Motion sustained.

*Attorney General*, for appellant.

WHEELER, J.   The oath administered to the foreman of the grand jury, is not set out in the record ; nor was it necessary. The record recites that the foreman came forward, together with his fellow jurors, and that they "were duly sworn as the law prescribes."   This was all the evidence of the swearing of the jurors which the record need contain.   Where the record states that the jurors were duly sworn, the presumption is that the proper oath was administered. (Pierce v. The State, 12 Tex. 210 ; 10 Id. 288.)

The remaining ground of the motion is not supported by the record.

We are of opinion that the Court erred in quashing the in-

dictment; for which the judgment must be reversed and the case remanded.

Reversed and remanded.