White, J.
By the agreed statement, the court below was warranted in finding the possession to have been sufficiently open, notorious, and adverse to bring it within the operation of the statute of limitations. The question is, whether it was, in a legal sense, continuous.
For the plaintiff in error, it is contended that the continuity of possession was broken by each successive transfer *37 of the premises in controversy; and, consequently, that as neither the defendant nor any one occupier under whom he claims held possession for the period of limitation, the statute is not available as a bar to the action.
There are authorities supporting this view; but we think the better reason, as well as the weight of authority, is against the position. Fanning v. Wilcox, 3 Day, 258; Smith v. Chapin, 31 Conn. 531; Shannon v. Kinny, 1 A. K. Marsh. 3; Chilton v. Wilson’s Heirs, 9 Humph.. 399; Cunningham v. Patton, 6 Barr, 355; Scheetz v. Fitzwater, 5 Ib. 126; Overfield v. Christie, 7 Serg. & R. 173; Johnson v. Nash’s Heirs, 15 Texas, 419; Alexander v. Pendleton, 8 Cranch, 462.
Possession itself is a species of title, of the lowest grade, it is true; yet it is good against all who can not show a better, and by lapse of time may become, under the statute, perfect and indefeasible.
In considering the question before us, it should be observed that, in this state, it is not necessary to the running of the statute that possession be held under color of title. Where there is possession of the requisite character, the question, whether there is color of title or not, is wholly immaterial. Lessee of Paine v. Skinner, 8 Ohio, 167; Yetzer v. Thoman, 17 Ohio St. 130.
The possession must be connected and continuous. But it is admitted that the possession will descend to the heir without interrupting the running of the statute; and we see no good reason why the ancestor may not voluntarily dispose of a possessory interest, which the law, in the absence of such disposition, will transmit to the heir.
The mode adopted for the transfer of the possession may give rise to questions between the parties to the transfer; but, as respects the rights of third persons against whom the possession is held adversely, it seems to us to be immaterial, if successive transfers of possession were in fact made, whether such transfers were effected by will, by deed, or by mere agreement either written or verbal.

Judgment affirmed.