ALFRED COLE v. THE STATE.

1. In a motion for a new trial in a criminal case, the affidavit of the witness to the new matters relied on must be produced, or good reason shown for its absence.
2. The crime "seduction" is sufficiently described in the Penal Code.
3. The "injured female," in prosecutions for seduction, is not a competent witness for the prosecution; but if her testimony is not objected to when offered, or its introduction insisted on in a motion for a new trial, the defendant will not be allowed to complain in the Supreme Court.
4. In trials for felony, the court is required to charge distinctly the law applicable to the case, whether asked or not; and a failure to do so, apparent on the record, is ground of reversal, whether assigned as error or not.
5. The "promise of marriage" is an essential part of the crime of seduction.

APPEAL from Cass. Tried below before the Hon. J. D. McAdoo.

Alfred Cole was indicted at the August term, 1873, for the seduction of Ferriby Miles, and at the same term was tried.

The court instructed the jury as follows: "If the evidence shows beyond a reasonable doubt, that the defendant did, by promise to marry, seduce one Ferriby Miles, and did have carnal knowledge of her, then you will find him guilty, and assess his punishment at confinement in the penitentiary for a period of not less than two years nor more than five years, or by fine not to exceed $5000. The term *seduce*, as used in the above charge, is used in the sense in which it is commonly used."

The jury found the defendant guilty, and fixed the punishment at two years confinement in the penitentiary.

Motion for a new trial on newly-discovered evidence, and motion in arrest of judgment, were both overruled, and defendant appealed.

*D. B. Culberson*, for appellant.

*Browne*, for the State.

MOORE, ASSOCIATE JUSTICE.—The indictment charges, that Alfred Cole "did unlawfully and feloniously, and by promise to marry one Ferriby Miles, an unmarried woman under twenty-five years of age, seduce, and debauch, and have carnal knowledge of the said Ferriby Miles—he, said Alfred Cole, being an unmarried person."

This portion of the indictment is quoted in order to present a clear view of one or more of the grounds of the motions for a new trial and in arrest of judgment.

The defendant was found guilty by the jury, and his punishment was fixed at two years confinement in the State penitentiary.

His motions were overruled, and he appeals, and assigns for error the ruling of the court in refusing the new trial on the ground of newly-discovered evidence.

The testimony proposed to be proved by the new witnesses is set out in the affidavit of the defendant, and is the only ground for the new trial. It is the statement of the defendant on information that the facts sought to be used on another trial can be proved by the witnesses, whose names and residences are given, stating the guilty connection between the witness Ran and Ferriby Miles, as proved by Ran on the trial.

The statute provides that a motion for a new trial on the ground of newly-discovered testimony shall be governed by the same rules as those which regulate civil suits. Under these rules, the affidavit of the new witness

must be produced, or good cause shown why it .is not done. The defendant failing to comply with this requirement, the .court did not err in overruling the motion for a new trial.

The grounds of the motion in arrest of the judgment are not tenable. The act made penal by the statute under which defendant was indicted is seduction upon promise of marriage, and the penalty is affixed by the statute. It is punished by imprisonment in the penitentiary, or by fine, as the jury may determine. The offense is indicated with sufficient certainty by the language used in the statute, and the term "seduction," and the sense in which it is used, is defined by the subject and the articles which precede and follow the sentence in which the expression occurs as its context.

Ferriby Miles, the female alleged to have been seduced, was introduced as a witness by the State, and proved without objection that the defendant Cole seduced her by promise of marriage, and objection to her competency as a witness is made for the first time in this court. Under a provision of the code, she was incompetent to testify (Art. 3109), and would no doubt have been excluded if defendant had made objection, or if the attention of the court had been called to the statute. This provision was doubtless intended for the protection of the other party; but if he permits the female to testify without objection at the time, or fails to ask for a new trial on that ground, it will be considered that he waived the protection of the statute, and he will not be heard to complain for the first time in this court.

Though the testimony of this witness was before the jury, the verdict is not satisfactory. Her statements out of court were inconsistent with her evidence on the trial. She stated to the witness Huell, as proved by that witness, that the defendant did not promise to marry her. If the parties were engaged to be married, it was not known

to her family, as shown by her brother, when he says he saw the parties at his house frequently, and never heard either say that they were engaged. From the evidence in the case, the jury might well have found a different verdict, and the court might have set it aside, if asked to do so, on motion for a new trial.

The charge of the court would have been more satisfactory if the inducement to commit the unlawful act with the defendant had been more fully explained. The jury might not have understood fully the nature of the accusation and the facts that must be proved to warrant a conviction. The term seduction, when used in the sense in which it is commonly understood, does not convey the full meaning of the offense which was intended to be punished by the code. The promise of marriage is an important element in the definition of the statutory offense, and it must appear that the female alleged to have been seduced yielded alone to the solicitation of the other party in consideration of his promise to marry her. In other respects the charge is unexceptionable, and the case is fairly presented to the jury.

The attention of the court was not called to any omission to explain to the jury the character and definition of the offense, nor is it assigned as error; but the error being apparent on the face of the record, and the case being a felony, it is believed to be sufficient to reverse the judgment.

The code provides, that in all cases of felony the law applicable to the case shall be distinctly set forth in the charge, whether asked or not. (Art. 3059.)

Reversed and remanded for further proceedings.

REVERSED AND REMANDED.