## R. STEWART v. THE STATE.

THEFT — EVIDENCE. — In a trial for theft, the non-consent of the owner to the taking of the property may be proved by his testimony, or by circumstantial evidence; and no objection to the latter on the ground that the former is the best evidence is available on appeal, unless it was duly interposed at the trial. See the opinion *in extenso* for an exposition of this question and former rulings upon it.

APPEAL from the District Court of Camp. Tried below before the Hon. B. T. ESTES.

The indictment and conviction were for the theft of a certain steer belonging to S. C. Choat. The punishment assessed was a term of two years in the penitentiary. The opinion discloses the facts relevant to the rulings.

*J. D. Peteet*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. Two supposed errors are mainly relied upon for a reversal of the judgment, viz. : First, that the want of consent of the alleged owner was not sufficiently or legally proven; and, second, that the court erred in the charge as given to the jury, and in failing or omitting to give in charge other portions of the law applicable to the facts.

The stolen animal was alleged to be the property of one S. C. Choat. It appears that Choat had purchased the animal as it ran upon its accustomed range in Camp County, of one McGraw, and that he left the steer in the range in Camp County, with the understanding that McGraw was to look after him until he (Choat) could remove him to Titus County, where Choat resided. The animal was stolen in Camp County before he had been removed by Choat, and appellant was tried and convicted in Camp County.

At the trial, Choat, the alleged owner, did not appear;

his absence was not attempted to be accounted for, and in fact it seems no effort was or had been made to procure his attendance as a witness. McGraw testified that he gave no consent to the taking, and further testified that "Choat came and inquired after the steer, after it had been killed, and did not appear to have any knowledge of its having been killed." This is the only direct evidence of the non-consent of Choat. It was not objected to at the time of its introduction, nor was any motion subsequently made to exclude it from the consideration of the jury upon the ground of its inadmissibility or inadequacy.

After appropriate instructions with regard to theft generally, and theft of an animal remaining upon its accustomed range, the court further charged the jury thus: "If the evidence shows that the defendant fraudulently took the steer from its accustomed range; that the steer at the time belonged to said Choat, and the facts and circumstances of said taking, and surrounding and in connection with the same, satisfy you beyond a reasonable doubt that it was so taken by the defendant, without the consent of said Choat, or of any other person having authority to give such consent, then it would not be necessary that the owner should be present to testify to his want of consent to the taking. It must appear from the evidence, however, beyond a reasonable doubt, that the property was taken without such consent."

This charge, it is contended, was erroneous, in that it did not further explain to the jury the rules of law necessary to be observed in establishing the non-consent of the owner by circumstantial evidence. When our precedents and authorities are examined upon the question, we are of opinion that it will be ascertained the objection is not a sound one. In *Wilson* v. *The State*, which is the leading case, the charge of the court was, "that the want of the owner's consent could be established by evidence of the party from whom the property was taken, or the party who was the

owner, or it may be established by facts and circumstances, provided such circumstances so proven are of such a nature as to exclude absolutely every reasonable presumption that the owner gave his consent to the taking." The court say "the appellant has no just ground to complain of this charge" (citing 4 Yerg. 145 ; 13 Ind. 324). 45 Texas, 76. The same doctrine is held in *Rains* v. *The State*, 7 Texas Ct. App. 588.

Mr. Bishop, in the latest edition (3d ed., 1879) of his admirable work on Criminal Procedure, says : " In a few of our States, as for example, in Texas, there are created by statute larcenies, a part of the definition whereof is ' without the consent of the owner,' under which statutes, therefore, non-consent must be alleged and proved. We have cases which seem to hold it necessary to call the owner or his agent in custody to prove the non-consent ; but however desirable practically this may be, the better doctrine accepts as adequate in law circumstantial evidence and the testimony of other witnesses" (citing *McMahon* v. *The State*, 1 Texas Ct. App. 102; *Erskine* v. *The State*, 1 Texas Ct. App. 405 ; *Welsh* v. *The State*, 3 Texas Ct. App. 422 ; *Foster* v. *The State*, 4 Texas Ct. App. 246 ; *Trafton* v. *The State*, 5 Texas Ct. App. 480). 2 Bishop's Cr. Proc., sect. 752 a.

As stated above, no objection was made at the time to the proof or evidence of Choat's non-consent, nor was any motion subsequently made to exclude it upon the ground that it was not the best evidence. For the first time, in the brief filed for appellant on this appeal, it is seriously and urgently claimed that the conviction was illegal because based upon circumstantial evidence so far as one of the main elements of the crime, viz., non-consent of the owner, was concerned ; and that, too, without accounting for the nonappearance and absence of the testimony of the owner to establish that fact. It is said that the testimony of the owner himself is the best evidence of the fact ; that it should

have been adduced, and that secondary evidence, or evidence which presupposes the existence of better evidence, cannot be resorted to primarily to establish a necessary fact; and we are cited to *Porter* v. *The State*, 1 Texas Ct. App. 394, and *Jackson* v. *The State*, 7 Texas Ct. App. 363. In those two cases the rule contended for applied in full force. In the Porter case the evidence adduced was wholly insufficient, besides being circumstantial. In Jackson's case the court properly say: " It was important that it be shown that the person who was shown to have had the actual possession of the animal had not given his consent to the taking, and that the jury should have been so instructed. The testimony of this witness should have been produced, or his absence accounted for, before resorting to circumstantial evidence to establish the want of his consent " (citing *Erskine* v. *The State*, 1 Texas Ct. App. 405).

As reported, Jackson's case does not show how the question of the legality and sufficiency of the evidence arose. Upon examination of the record (which we have before us, the case having been decided at this branch), we find that defendant's counsel asked a special instruction covering the rule of law as stated in the opinion, which instruction was refused, and a bill of exceptions duly reserved and sent up in the record. The refusal to give the charge was, in fact, the basis of the opinion and the cause of the reversal of the judgment.

But here the appellant does not deny that non-consent may be proven by circumstantial evidence, nor did he object that it was not the best evidence when it was offered. If he had done so at the time, or made a motion afterwards to exclude the evidence upon that ground (*Lanham* v. *The State*, 7 Texas Ct. App. 137), the reason, and a sufficient one, for the non-appearance of the witness might have been given by the State. As it is, he sits quietly by and permits evidence, which, though not the best, is, as we have seen, amply suffi-

cient in law, to go to the jury, and now asks a reversal of the
case because the evidence was not the best which was attainable in the case.    Suppose the evidence had been incompetent by express provision of the statute, then, as was said
in *Cole* v. *The State*, — which was a case of seduction, at the
trial of which the injured party had testified, — "Under a
provision of the Code she was incompetent to testify (art.
3109), and would no doubt have been excluded if defendant
had made objection, or if the attention of the court had been
called to the statute.    This provision was doubtless intended
for the protection of the other party ; but if he permits the
female to testify without objection at the time, or fails to ask
for a new trial on that ground, it will be considered he waived
the protection of the statute, and he will not be heard to
complain for the first time in this court."    40 Texas, 147 ;
Bishop's Cr. Law (4th ed.), sect. 843 ; *Bishop* v. *The
State*, 9 Ga. 121.

Again, in *Pierce* v. *The State*, 12 Texas, 210, where
it was argued in this court that the evidence was not sufficient to sustain a conviction for gaming, because the witnesses merely testified that they supposed money was bet,
and they understood that money was bet, it was answered
that no objection was made at the trial to the manner in
which the witnesses testified.

In civil cases the rule of practice is invariable that where
no objection is made in the court below to the admission of
evidence, its admissibility cannot be questioned on appeal.
*Davenport* v. *Lackie*, 8 Texas, 351 ; *Stramler* v. *Coe*, 15
Texas, 211 ; *Johnson* v. *Nash*, 15 Texas, 419 ; *Sharp* v.
*Baker*, 22 Texas, 306.    By express provision of our Code of
Criminal Procedure, the rules of evidence known to the common law in civil and criminal cases, and to our statute law
in civil suits, are made applicable so far as practicable in
the trial of criminal actions, when not in conflict with the
provisions of the Codes.    Code Cr. Proc., arts. 725, 726.

We think, from a consideration of the authorities, that it

may safely be laid down as a rule that non-consent of the owner in cases of theft may be proven either by the testimony of the owner himself or by circumstantial evidence, and no objection will be heard that the best testimony is that of the owner, unless properly made in the court below. If sufficiently established, without objection, by circumstantial evidence to the satisfaction of the jury, beyond a reasonable doubt, the defendant cannot be heard to complain that the absence of the positive testimony of the owner to the facts is a material error calculated to injure his rights. Code Cr. Proc., art. 777.

Of course, if such evidence were wholly insufficient to sustain the verdict with reference to the non-consent, this court would feel bound to reverse the judgment and award a new trial. In fact, the sufficiency of the evidence is the only question in the case as here presented. The testimony as adduced, in connection with that of the witness McGraw, that Choat came to Camp County looking for the animal after it was killed, and the admissions of defendant to the witnesses Reece and Petty, abundantly establish the fact that the killing was without the consent of the owner. See *Rains* v. *The State*, 7 Texas Ct. App. 588.

We see no error in the judgment, and it is affirmed.
*Affirmed.*