## Lad Daffin *v.* The State.

1. **Evidence.**— The Code of Procedure, article 735, provides that husband and wife may testify for each other in all criminal actions, but that, except in a prosecution of one of them for an offense against the other, neither shall testify against the other; and this rule has been held to disqualify either as a witness against a codefendant of the other.    But if either of them be competent as a witness against the party on trial, the other is also.

2. **Practice.**— Objection to the competency of a witness or the admissibility of evidence should be made when the witness or evidence is offered, or as soon as the objection is ascertainable.    If primarily made after verdict, such objections are not ordinarily available.

3. **Cross-Examination.**— Any question which may tend to affect the credit of a witness is generally allowable in his cross-examination. His relations to the accused, or bias against him, and the extent of the bias, may be developed in the cross-examination.    See this case for an example.

Appeal from the District Court of Robertson.    Tried below before the Hon. W. E. Collard.

Appellant was tried on an indictment which charged him with the theft of a barrel of sugar from the Houston and Texas Central Railway Company, on January 11, 1881.    The verdict of conviction assessed his punishment at a term of three years in the penitentiary.

It appears by the evidence that W. T. Hill, a merchant in Bremond, Robertson county, on his way from his store to his residence, early in the night of the alleged theft,

found a barrel of sugar lying on the ground close to the railway track, and observed two men making a suspicious approach towards it.   He went at once and informed Mr. Black, a clerk in the freight depot, and they went to the barrel and so placed it that the clerk could keep a watch upon it.   Mr. Hill knew the appellant and Frank Williams, but could not identify either of the two men he saw approaching the barrel.

The clerk and the local agent of the Railway Company were examined to prove the loss of the barrel from a freight train.

Ann Williams, the State's witness referred to in the opinion, gave the only testimony inculpating the appellant.   She was the wife of Frank Williams, and stated that, early in the night of the alleged theft, the appellant came to the house occupied by witness and her husband, and called the latter to the door and told him he had a barrel of sugar for him, and said that he had got it out of the car.   After talking a little while, the appellant and Frank Williams went off together towards the depot. The next morning the appellant came again and told witness that he and Frank Williams had like to have got into a scrape the night before; that they were at the cars getting a barrel of sugar, when Mr. Hill and Mr. Black came along and nearly caught them.

On her cross-examination the witness stated that when appellant came and called her husband they went behind the house and talked, and she went to the wall and heard what they said.   They talked low.   Witness never said anything about the barrel of sugar until about four months afterwards, and after she fell out with her husband and the appellant.   She fell out with them both about the same thing, but it had nothing to do with the sugar.   She went to have her husband arrested when she made the complaint against the appellant.   Counsel for the defense asked the witness why she had fallen out

with her husband and the appellant, but the court, on objection by the State's attorney, disallowed the question, and the defense excepted.

On the re-examination of the witness she accounted for her long silence about the matter by her husband's threat to kill her if she told it.

The defense examined some witnesses to establish an *alibi* for the appellant.

*F. H. Prendergast*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

White, P. J.   A special provision of our statute is that "the husband and wife may in all criminal actions be witnesses for each other, but they shall in no case testify against each other except in a criminal prosecution for an offense committed by one against the other." Code Crim. Proc. art. 735.   And this rule rendering them incompetent to testify against each other has also in this State been held to render them incompetent against a joint offender with either. *Dill* v. *State*, 1 Texas Ct. App. 278.

As stated by Mr. Wharton in his work on Criminal Evidence, the rule is that "whenever a defendant is incompetent to testify for or against a co-defendant, then the husband or wife of such person is to the same extent incompetent.   Thus, on a trial for conspiracy the wife of one of the defendants should not be allowed to testify against one of the others as to any act done by him in furtherance of the common design, if there be any evidence given connecting the husband with the defendants in the general conspiracy."   Whart. Crim. Evid. [8th ed.] 391.

In the case before us it is not made to appear that Frank Williams, the husband of witness, was being prosecuted at all for this offense; the record here certainly

does not show him to be a joint defendant in this case. If a prosecution had been commenced against him and afterwards *nolle prossed*, the wife would have been competent it seems (1 Texas Ct. App. 278), and whenever a co-defendant is admissible his wife would be admissible. Whart.'s Crim. Ev. § 391; *Blackburn* v. *Comm.* 12 Bush (Ky.), 481; *Ray* v. *Comm.* 12 Bush (Ky.), 397.

But, even if it had been made to appear that the witness was incompetent on account of her relationship as wife to a joint or co-defendant, still in this instance the testimony was not objected to at the time by the defendant, and an objection to the inadmissibility of evidence cannot be availed of after verdict, when no objection was interposed at the time it was admitted. Objection to incompetent or inadmissible evidence should be made as soon as its illegality can be ascertained. *Cole* v. *State,* 40 Texas, 147; *Harman* v. *State,* 3 Texas Ct. App. 51.

The main witness against defendant was one Ann Williams. On her examination it was developed that, subsequently to the date of the alleged offense, she, the witness, had had a difficulty with both her husband and this defendant, on account of which she, months after this offense was charged to have been committed, procured or endeavored to procure the arrest of her husband, and at the same time made complaint against defendant, upon which he was arrested for the crime preferred against him in this indictment. To show the extent of her bias and prejudice towards defendant, his counsel proposed to have the witness state the nature and cause of this difficulty, which, on objection by the prosecution, was excluded by the court. In this we are of opinion the court erred. Generally on cross-examination a witness may be asked any question which may have a tendency to affect his credit, and it is the right of the defendant to show the *animus* and bias of a witness towards him, and its extent, if he can. Whart. Crim. Evid. (8th ed.) § 376; *Blunt*

v. *State*, 9 Texas Ct. App. 234. And as to his relations to the defendant, he may always be asked. Whart. Crim. Ev. § 477.

For error in excluding or refusing to permit the introduction of this evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*