F. A. THOMPSON AND ANOTHER v. A. EANES AND ANOTHER.

1—In a suit by a prior locator for the cancellation of a patent issued on a subsequent survey, he should show in his petition that he had performed every act and duty incumbent on him to perfect his right to the land; and his petition will be defective if it omit to state that his field notes had been examined, recorded and certified to the commissioner of the general land office, by the county or district surveyor, as required by Art. 4522, Paschal's Digest.

2—A petition should not state mere legal inferences, but facts, which, if admitted or proved, will enable the court to decide on their legality, as well as to render a proper judgment or decree thereon.

3—Allegations in a petition that the plaintiffs had "located" their certificate on the land in controversy, and that the field notes of their survey had been "duly authenticated according to law," are allegations of mere legal inferences, and are not sufficient averments of the facts necessary to constitute a valid appropriation of the land.

4—On a demurrer for insufficiency being sustained to a petition, the court below should have allowed the plaintiffs to amend, and should not have rendered judgment without allowing them an opportunity to do so.

ON APPLICATION FOR RE-HEARING.

5—Papers referred to as evidence can not be considered as a part of a petition, although the pleader denominate them such. Independent of such papers, a petition must contain, in its own allegations, "a full and clear statement of the cause of action."

6—In this case, the judgment of the court below was reversed and the cause remanded for the purpose of allowing the plaintiffs to amend their petition. But in an application for a re-hearing the plaintiffs disclaim any desire to amend their defective petition; and, thereupon, this court reforms its previous judgment, and affirms the judgment of the court below.

APPEAL from Travis.    Tried below before the Hon. John Ireland.

The facts of the case, so far as they are involved in the rulings of this court, are sufficiently stated in the opinion.

*Chandler*, *Turner & Carleton* and *T. D. Moseley*, for the appellants.

*Sneed & Walton*, for the appellees.

MORRILL, C. J.—The appellants and plaintiffs instituted suit in the District Court, alleging that on the 10th of October, 1856, being the owners of a good, legal and genuine land certificate, they located a portion thereof upon 520 acres of land in the county of Burleson, and land district of Milam, which was surveyed by a surveyor of Milam land district on the same day; and on the 30th of September, 1857, the certificate and field notes were filed in the general land office, duly authenticated according to law.

That the defendants, on the 5th of August, 1857, also having a certificate, pretended to locate and have surveyed the same land, and on the 7th of September, 1857, they filed their field notes in the General Land Office, and obtained a patent for the same on the 18th of May, 1857.

The petition charges the defendant, as well as the commissioner of the General Land Office, with fraudulent and illegal acts and intentions, and seeks to annul the patent, and to have a judgment for the land.

The defendants demurred generally, and pleaded not guilty, as well as a general denial of plaintiffs' allegations.

The cause was submitted to the judge, waiving a jury, who, after hearing the evidence adduced, and argument of counsel, was of opinion that the law of the case, as applicable to the facts, was with the defendants, and that defendants go hence and recover costs, etc.

Whether the judge intended by saying "the law of the case, as applicable to the facts, was with the defendants," to sustain

the demurrer, or whether he treated the demurrer as waived, is doubtful. As it nowhere appears that the defendants did not waive and virtually withdraw their legal exceptions to the petition, it is presumed that the judgment of the court was upon the demurrer, although the record discloses a statement of facts, and we shall first examine the pleadings of plaintiffs as to their legal sufficiency.

We have already stated the substance of the petition, but for greater certainty we will add that it no where appears that the field notes had been examined and recorded and certified to the commissioner of the general land office by the county or district surveyor, agreeably to the acts, (Art. 4522) unless all this is to be inferred from the expression that they were "duly authenticated according to law." But as the deputy or practical surveyor was required to subscribe the names of his chain-carriers to his field notes, as well as the class of lands surveyed, (Art. 4523) and as he is the only surveyor mentioned as having anything to do with the field notes, this authentication may with propriety be meant to include that required by the deputy surveyor; and in that case the petition is defective in not showing that the plaintiffs had done their legally prescribed duties for obtaining a patent.

But should we even admit that the field notes were alleged to be authenticated by the district surveyor according to law, the expression would be liable to criticism for stating legal inferences, instead of facts from which the court should draw legal inferences. The petition should state facts, which, if admitted or proved, would enable a court to decide upon their legality, as well as to make a proper judgment or decree thereon. These remarks also apply to that part of the petition which states that plaintiff "located" the certificate upon the land in controversy. Whether the certificate was properly and legally located, would depend upon what was done, and to be decided by some other tribunal than the plaintiff.

If the location of the certificate was such a location as was required by the statutes, it was an appropriation of the land,

and any subsequent survey of the same land by a third party, adverse thereto, would be illegal and nugatory, provided the owner of the certificate so located was not liable to the charge of neglect of duty in perfecting his incipient rights into a legal title or patent.

We believe the judge did not err in sustaining the exceptions of defendant to plaintiffs' petition, but the proper judgment to have been entered was that the plaintiff have liberty to amend his petition. And lest injustice irreparable may be done, we shall remand the case, that the parties may have an opportunity to amend the pleadings, if they choose so to do, and such action be had thereon by the District Court as may seem proper.

### ON APPLICATION FOR REHEARING.

MORRILL, C. J.—In the application for a rehearing the counsel for appellant state, that the court is mistaken in saying " that it nowhere appears that the field notes had been examined and recorded and certified to the commissioner of the general land office by the county or district surveyor," agreeably to the acts. (Art. 4522.)

The counsel refer us to the certificate of the commissioner of the general land office on the ninth page of the record, where this fact is alleged to appear.

The statutes, Article 1427, is explicit in stating the requisites of a petition, one of which is " a full and clear statement of the cause of action, and such other allegations, pertinent to the cause, as he (the plaintiff) may deem necessary to sustain the suit."

Papers referred to as evidence cannot be considered as a part of a petition. The statement made by the pleader, that these papers are a part of the petition, does not make them such, because the petition in itself, without any reference *aliunde*, " must contain a full and clear statement of the cause of action," and all " allegations pertinent to the cause as are deemed necessary to sustain the suit."

XXXII—12.

In Jennings v. Moss, 4 Tex. 452, and Gray v. Osborne, 24 Tex. 158, this court said that "the plaintiff must show to the court a good cause of action by appropriate averments in the petition; these averments must be of the facts which constitute the cause of action in the case, and not merely statements of the evidence by which the cause of action, if stated, might be maintained, or of conclusions derived from the evidence."

We must look to the statements and allegations in the petition to ascertain the cause of action. If all the statements and allegations are admitted by the answer, or if it appears to the court that, by their admission, the plaintiff has no cause of action, it is unnecessary to look to the papers relied on as testimony, because the "allegata" must precede the "probata."

But even if we were at liberty to consider as a part of the petition that portion of the records of the commissioner of the land office to which the petition refers, we should still find the same defect stated in the opinion, since the petition refers only to records for a "description of the land located," "the certificate," "the date of the survey," and "the filing the same in the Land Office," and does not refer to the Land Office document to show that the county surveyor had done anything with the survey.

The other position taken in the application for a rehearing, to show the error of the court for remanding, we consider well taken. By Article 1562, we are not permitted to remand the cause to the District Court, "except when it is necessary that some new matter of fact be ascertained, or damages to be assessed, or the matter to be decreed is uncertain." Since the plaintiff insists that the judgment of the District Court was a final disposition of the case upon both law and facts, and that the plaintiff, neither in the district or this court, desires to amend his pleadings, the judgment will be so changed and modified as to affirm the judgment of the District Court.

It seemed to us, in preparing the opinion, that a general exception to the petition was so appropriate, that we felt bound

to construe the judgment as authorizing the demurrer, particularly as it also appeared that the plaintiff had not made such a full statement of his cause of action as he was able.

Rehearing refused and judgment affirmed.