## Arthur Thompson v. The State.

### No. 2664. Decided April 27, 1904.

**1.—Plea—Must Be Entered.**

Where the recitals of the judgment affimatively show that no plea was made or entered in the trial of a criminal case, the judgment will be reversed, although no bill of exception was taken to the action of the trial court, the point being raised in motion for new trial, and this applies to misdemeanors, as well as felony cases.

**2.—Continuance—Diligence.**

Where the witness lived within thirteen miles of the courthouse, and the sheriff was told where he could find him, process having issued the day before appellant's trial, the sheriff not having made any effort to procure the witness and the testimony being material, there was sufficient diligence.

**3.—Same—Material Testimony.**

Where the application showed that the absent witness was present at the time the alleged assault occurred and that defendant did not whip the party injured as alleged, that there was no blood on the latter's clothes or person, and that he did not claim to be hurt and that he told witness that the marks on his back were made at another time and did not hurt him, the teseimony is material.

**4.—Aggravated Assault—Parent and Child.**

Query: In the absence of the infliction of serious bodily injury, would a father be guilty of aggravated assault, in the moderate chastisement of his son, simply because the parent was an adult male and his son a minor seventeen years old, and not a child not above the age of fourteen years?

Appeal from the County Court of Caldwell. Tried below before Hon. Geo. W. Kyser.

Appeal from a conviction of an aggravated assault; penalty, a fine of $50 and twenty days confinement in the county jail.

The information charged the defendant with committing an aggravated assault upon his son of the age of 17 years, and that he used a quirt and inflicted serious bodily injury upon him. The testimony of

the son sustained this charge in so far as the whipping was done with a quirt; that his father made him take off his shirt and tied him down and cut the blood out of him in some places; that the scars and marks which defendant's whipping had left on his body were produced by other whippings which defendant had inflicted during the last four or five years preceding, as well as the last whipping. He also stated that William Franklin, and the witness' mother were there on the place when the whipping occurred on Sunday, with the quirt, and that in a day or two after the occurrence he ran off and had never returned to his father.

The mother of the injured party testified that she was not married to defendant, but lived on his place about 300 yards from his house. She said she was present the last time defendant whipped his son; that he whipped him with a switch and not with a quirt; that she did not see all of the whipping, but she knew that defendant did not whip him on the Sunday that the son said the last whipping took place; that the son was hard-headed, did not like to work, but liked to run around, and that defendant used the switch on him at times but never hurt him.

The defendant pretty much corroborated his son's mother, and testified that he did not whip him at all at the time the son said he whipped him, on the Sunday before he left him. That he used a post oak switch on him several times on other occasions, and that he whipped him and another boy pretty severely once, shortly before his son left, for talking about some white girls in the neighborhood, but that he never whipped his son except with an ordinary switch to correct him and with no intent to hurt him, and that he did not hurt him. Defendant raised the question of want of plea, in his motion for new trial for the first time.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $50 and twenty days confinement in the county jail; and prosecutes this appeal.

Appellant insists that this case should be reversed because the record shows that he entered no plea to the information. The State answers this proposition by showing that the amended statutes, article 904, Code of Criminal Procedure, requires this matter to be presented by bill of exceptions, otherwise appellant can not in this court take advantage of failure to enter plea. If the judgment record were silent on this point, unquestionably the insistence by the State should prevail. Here, however, the judgment recites, as follows: "After the motion for continuance had been overruled, both parties announced ready for trial. The jury was waived, and the case submitted to the court. The information was read by the county attorney. The defendant or his attorney did not plead to the information. He was not asked to plead further

than the reading of the information; and there was no plea made or entered for him by the court," etc. If the judgment here, as stated, contained no recitals on this question, we might presume the plea was made; but here the judgment recites on its face that no plea was made or entered. Our statute requires a plea to be made by defendant to the charge against him; that is, on the trial he is required to answer the charge, whether he is guilty or not guilty, or if he refuses to answer, the plea of not guilty shall be entered. And this has been held to apply to misdemeanors as well as to felonies. Roe v. State, 19 Texas Crim. App., 89; Melton v. State, 8 Texas Crim. App., 619. The record might be amended or contradicted by proof in this respect. Smith v. State, 4 Texas Crim. App., 628. But no effort was made by the State to contradict or correct the same. So we are here confronted with the record judgment in this case, which shows that the defendant did not plead to the information, and that no plea was entered for him. Can he take advantage of this in the absence of a bill of exceptions? We hold that the matter appearing as it does, of record, can be raised as was done here in motion for new trial pointing out the failure to comply with the statute; that is, the judgment record on its face shows the law in this respect was not complied with.

Appellant filed a motion for continuance, which was overruled by the court. We believe the diligence was sufficient. True, process only issued the day before, but the application shows that the witness only lived thirteen miles from the courthouse, and the sheriff was told where he could find witness; but he does not appear to have made any effort whatever to have secured his attendance. He simply returned the process into court with the statement, "not served for want of time." Evidently the sheriff should have made some effort before making this return. The witness was accessible, and for ought that appears, could have been secured. The testimony of the witness William Franklin was material. That is, this witness was at the place of the alleged whipping on the Sunday when the State proved the whipping of prosecutor by his father occurred, which constituted the alleged assault. The application shows that he expects to prove by this witness that appellant did not whip Marian on Sunday; that when Marian ran away he was not hurt; that there was no blood on his clothes or his person, and did not claim to have been hurt by defendant; that Marian told witness the marks on his back were made by defendant, when he whipped him about talking about some white girls; that four or five days before the boy Marian ran away, defendant gave him a severe whipping with a switch but did not hurt him; that Marian told him he was going to run away because defendant worked him too hard. These facts traverse nearly all the testimony of prosecutor Marian Thompson, on whose evidence the State secured the conviction.

Another question presents itself, though not raised by any exception in the record. The party alleged to be assaulted was the minor son of

appellant.  He had a right under the law to moderately chastise him
without being guilty of an assault.  Query: In the absence of the
infliction of serious bodily injury on his son, would he be guilty of an
aggravated assault, simply because he was an adult male and his son a
minor 17 years old?  Evidently this would not come under the clause of
the statute which makes the assault on a child an aggravated assault.
This means a male not above the age of 14 years.  Bell v. State, 18
Texas Crim. App., 53.

For the error indicated, the judgment is reversed and the cause
remanded.

*Reversed and remanded.*