## WALTER SIMS v. THE STATE.

### No. 3511. Decided January 17, 1906.

**Assault to Rape—Plea Must be Entered—Affidavit.**

Upon a trial for assault to rape, where it appeared from the record and affidavit that defendant was not called upon to plead to the indictment, and that no plea was entered and the case was tried without it, there was error, although defendant and his counsel remained silent.

Appeal from the District Court of Cooke. Tried below before Hon. D. E. Barrett.

Appeal from a conviction of aggravated assault; penalty, a fine of $500 and two years confinement in the county jail.

The opinion states the case.

*J. E. Hayworth, Stuart & Bell,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Under an indictment charging assault to rape, appellant was convicted of aggravated- assault. It is made to appear affirmatively by bill of exceptions, by certificate of the judge, by affidavit of several parties, that appellant was not called upon to plead to the indictment, and that in fact he did not enter a plea, and the same was tried without such plea being made or entered. This was properly raised in the trial court, and was overruled, because appellant and his counsel remained silent when they discovered the fact that the prosecuting officers as well as the court had failed to call upon appellant to enter his plea. It is necessary under the statute and all the adjudicated authorities that the plea must be entered where a party is placed upon trial in a criminal cause. White's Ann. Code Criminal Procedure, articles 552, 553, 640, 641, 904, and authorities collated under these articles. Thompson v. State, 80 S. W. Rep., 623; Clark v. State, 32 Texas Crim. Rep., 412; 24 S. W. Rep., 29; Shaw v. State, 17 Texas Crim. App., 225; Jefferson v. State, 24 Texas Crim. App., 535. The judgment is reversed and the cause remanded.

*Reversed and remanded.*