## J. M. Mays v. The State.

### No. 3645. Decided February 20, 1907.

**1.—Carrying Pistol—Former Acquittal—Dismissal—Jeopardy.**

Where upon trial for unlawfully carrying a pistol, the parties went to trial, and after the State had introduced one witness it was discovered that defendant had not entered a plea to the charge and the case was dismissed over the objection of defendant on motion of the county attorney; and subsequent thereto a new information was filed; held, defendant could not interpose the proceedings in the former case as a plea in bar.

**2.—Same—Entering Plea—Bill of Exceptions—Motion in Arrest.**

By the amendment to article 904, Code Criminal Procedure, in the absence of some exception in the court below to the failure to enter the plea, it will be presumed in the appellate court that the plea was entered in the court below; but the failure to plead in the court below can be taken advantage of by bill of exceptions, motion for new trial or by motion in arrest of judgment.

**3.—Same—Issue Joined—Plea Entered.**

No trial can be had in a criminal case in the absence of an issue joined between the State and the defendant, and this can only be done by the entry of the plea on the part of the defendant to the charge preferred and read against him.

**4.—Same——Traveler—Deflecting From Journey.**

Where upon trial for unlawfully carrying a pistol, the evidence showed that the defendant merely stopped at a lunch counter to eat a meal, the same was not such a deflection from his journey home to authorize a conviction.

Appeal from the County Court of Dallam. Tried below before the Hon. J. P. Inman.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Reese Tatum,* for appellant.—On question of former jeopardy: Powell v. State, 17 Texas Crim. App., 345; Brink v. State, 18 Texas Crim. App., 344; Elehash v. State, 35 Texas Crim. Rep., 599; Hall v. State, 12 Texas Ct. Rep., 929.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of unlawfully carrying a pistol, and his punishment assessed at a fine of $100, and by appeal seeks to reverse this case.

The only question which, it occurs to us, requires notice is the action of the court with reference to appellant's plea of former jeopardy. It appears from the record that appellant claims that he had formerly been tried and acquitted for the same offense. The facts are as follows: On the 10th of March, 1906, in the same court, being the county court of Dallam County, appellant was charged on complaint and information with the same offense charged against him in this case, it being No. 267 on the docket of said court. The parties, State and defendant, went to trial. After the State had introduced one witness it was discovered that appellant had not entered a plea to the charge, and the State then proposed to nolle prosequi the case, to which appellant objected, but the case was dismissed by the court on motion of the county attorney, the judgment of the court showing that the case was dismissed because defendant had not plead to the charge against him and no judgment could be entered against him on the trial. Subsequent to this, the State, by her county attorney, filed a new information against appellant charging him with unlawfully carrying a pistol, which was on account of the same transaction involved in the former trial, the last cause being No. 272 on the docket; whereupon appellant was brought to trial and he interposed the proceedings in the former case as a plea in bar to his being further tried, claiming that the effect of the proceedings in a former case was tantamount to an acquittal. The court struck out this plea. Appellant claims that this was error. We do not agree to this contention. No trial can be had in a criminal case in the absence of an issue joined between the State and the defendant, and this can only be done by the entry of a plea on the part of the defendant to the charge preferred and read against him. This may be either a plea of guilty or not guilty. See Code of Crim. Proc., arts. 544 and 640. By the amendment to article 904, Code Criminal Procedure in the absence of some exception in the court below to the failure to enter the plea, it will be presumed in this court that a plea was entered in the court below; but the failure to plead in the court below can be taken advantage of

by bill of exceptions or in the motion for a new trial, or by motion in arrest of judgment. See Thompson v. State, 46 Texas Crim. Rep., 412, and Noble v. State, decided at the present term of the court. The question here presented is: Did the court err, when it was discovered and brought to its attention that appellant had not entered a plea to the State's charge, in dismissing the case? Without a plea a trial of the case would have been absolutely without result, so far as appellant was concerned, inasmuch as no issue was joined between him and the State, and the trial would simply have been a farce. It has been held that after the parties announce ready and go to trial and it is discovered that the indictment is defective, and the case is dismissed, this is not jeopardy (see Swancoat v. State, 4 Texas Crim. App., 105), nor in a proper case is a nolle prosequi a bar. See Brill v. State, 1 Texas Crim. App., 152; Swindel v. State, 32 Texas, 192, and Longley v. State, 43 Texas, 490. In this case, as heretofore stated, there was no plea. When the motion was made to dismiss, appellant might have avoided this by stating to the court that he would then enter his plea, and the testimony of the one witness might have been reheard, or this might have been waived, but instead thereof appellant refused to join issue with the State. If this had been at the inception of the trial a plea could then have been entered by the court, but not so at this stage of the trial, unless with the approval and consent of appellant. We do not believe the court was required to complete the farce of a trial without an issue joined between the parties, but could then arrest the proceeding as was done by a nolle prosequi of the case, and this action did not constitute a bar to a subsequent prosecution. We have carefully examined the record and in our opinion the testimony amply supports the verdict. Appellant's defense was that he was on his way home, and that he was carrying a pistol home with him for safe-keeping; that he had received the pistol as a pledge from one Goodnight. The evidence showed in rebuttal of this theory that appellant turned aside from his place of business to his home and went into a restaurant in the town and ate a lunch and remained there some twenty or thirty minutes. It occurs to us that this was such deflection from his journey home as authorizes a conviction. With us, it is not a question of preponderance of testimony, but merely as to the sufficiency of the evidence to sustain the verdict. We believe the evidence is sufficient.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

#### March 13, 1907.

HENDERSON, Judge.—The judgment in this case was affirmed at a former day of this term. It now comes before us on motion for rehearing. A more thorough examination of the record discloses that the testimony is not sufficient to show that appellant deflected from his

journey home with a pistol in order to authorize a conviction. Under
the circumstances appellant had a right to carry the pistol home, and
merely stopping at a lunch counter to eat a meal would not authorize
a conviction, and this, it appears, was all that he did. See Rines
v. State, 38 S. W. Rep., 1016; Lyle v. State, 21 Texas Crim. App.,
153; Mangum v. State, 15 Texas Crim. App., 362; Boissean v. State,
15 S. W. Rep., 118; Lann v. State, 25 Texas Crim. App., 495; Camp-
bell v. State, 28 Texas Crim. App., 44; Waddell v. State, 37 Texas,
354; Christian v. State, 37 Texas, 475, and Fields v. State, 78 S. W.
Rep., 932.

The motion for rehearing is granted, and the judgment reversed
and cause remanded.

*Reversed and remanded.*