## PAUL WENGENROTH V. THE STATE.

### No. 10913.   Delivered May 18, 1927.

**1.—Aggravated Assault—Failure to Read Information, and Plead Thereto—Statute Construed.**

Subdivisions 1 and 2 of Art. 642, C. C. P., provide that the indictment, or information, shall be read to the jury by the attorney prosecuting and the pleas of accused entered.   These subdivisions have been held mandatory.   Until the information is read, and appellant's plea entered, no issue is joined between the state and the appellant.   See Hearne v. State, 58 S. W. 1009, and numerous other cases cited.

**2.—Same—Continued.**

Art. 847 C. C. P. provides that this court shall presume, among other things, that the defendant was arraigned, and plead to the indictment, "unless such matters were made an issue in the court below, and it affirmatively appears to the contrary by a bill of exception, approved by the judge of the court below."

**3.—Same—Continued.**

The failure to read the information to the jury, and the omission of appellant's plea in the instant case, having been made issues in the trial court, and it affirmatively so appearing from appellant's bill of exception, we have no option but to reverse and remand the cause, and it is so ordered.

Appeal from the County Court of Kendall County.   Tried below before the Hon. J. A. Phillips, Judge.

Appeal from a conviction for an aggravated assault, penalty a fine of $25.00.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant was charged by information with aggravated assault and upon trial before a jury was convicted, and his punishment assessed at a fine of $25.00.

Only two bills of exception are found in the record.   In both of them the trial court certifies that neither the complaint nor information was ever read to the jury, and that appellant entered no plea upon the trial.   It is further certified as a fact that when the state had introduced its evidence appellant called the court's attention to these matters in a motion for an instructed verdict, and that at no time during the trial was the information or complaint read nor was any plea ever entered by appellant.

Subdivisions 1 and 2 of Article 642, C. C. P., provides that the indictment or information shall be read to the jury by the attorney prosecuting and the pleas of accused entered. These subdivisions have been held mandatory. Until the information was read and appellant's plea entered no issue was joined between the state and appellant. As was said by Judge Henderson in Hearne v. State, 58 S. W. 1009:

"There was no case before the jury until the indictment was read and the plea of 'not guilty' entered."

Essary v. State, 53 Tex. Crim. Rep. 596, is one of the leading cases upon the question involved, the opinion being written by Judge Ramsey, in which many authorities are reviewed. See also Wilkins v. State, 15 Texas 420; Murray v. State, 21 Tex. Crim. App. 466; Barbee v. State, 32 Tex. Crim. Rep. 170, 22 S. W. 402; Messenger v. State, 81 Tex. Crim. Rep. 465, 198 S. W. 330; Theriot v. State, 89 Tex. Crim. Rep. 428, 231 S. W. 777.

Article 847, C. C. P., provides that this court shall presume, among other things, that the defendant was arraigned and plead to the indictment "unless such matters were made an issue in the court below, and it affirmatively appears to the contrary by a bill of exception approved by the judge of the court below." The failure to read the information to the jury and the omission of appellant's plea were made issues in the trial court and it affirmatively so appears from the bills of exception, as well as also affirmatively appearing from said bills that such failure and omission occurred. When the matter was called to the attention of the court the information should have been read, the plea entered, and the evidence re-introduced. Such procedure has been heretofore held proper, as will be ascertained from the examination of the authorities cited.

As the matter appears in the record we have no option but to reverse the judgment and remand the cause for a new trial, and it is so ordered.                    *Reversed and remanded.*

Morrow, P. J., absent.