### E. E. FANN v. THE STATE.

No. 20805. Delivered January 31, 1940.
Rehearing Denied March 20, 1940.

The opinion states the case.

*H. R. Rolston,* of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is selling whisky in a dry area; the punishment, a fine of $100.

It was alleged in the complaint and information that appellant sold whisky to W. R. Sterling. W. R. Sterling, who was an inspector for the Texas Liquor Control Board, testified that he bought a pint of whisky from appellant on the 19th day of July, 1939. It was also his version that L. W. Davis accompanied him to appellant's place of business. Testifying in his own behalf, appellant denied that he sold Sterling any whisky on the occasion in question, but admitted that he sold Davis a pint of whisky, for which he received one dollar and twenty-five cents. Appellant's wife gave testimony corroborating his version of the transaction.

In his brief appellant insists that he had theretofore been placed in jeopardy and that hence the trial court committed reversible error in overruling his plea to the effect that he had been placed in jeopardy for the same offense for which he was convicted herein. It is observed that appellant's plea of former jeopardy was sworn to before appellant's attorney. An attorney for the accused is not authorized to take affidavits to be used in the case in which he represents the accused. Botts v. State, 13 S. W. (2d) 846. We are therefore constrained to hold that the trial court's action in overruling the plea was warranted.

After carefully examining all questions presented for review, we are of opinion that reversible error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

In his motion for rehearing appellant calls our attention to the holding in Foster v. State, 8 S. W. Rep. 664, to the effect that a formal plea of jeopardy is not necessary where the former proceedings were in the same case and in the same court. If it should be conceded that this rule has application in the present case, we find that appellant's bill of exceptions No. 6 shows that in the previous trial the complaint and information were never read to the jury and that appellant at no time pleaded thereto. We quote from 12 Texas Jurisprudence, 537, as follows: "The plea of the defendant is an essential part of the preliminary proceedings, and until he has pleaded he is not in jeopardy, though the jury had been sworn to try him."

We quote from Yerger v. State, 41 S. W. Rep. 621, as follows: "The trial was before a court of competent jurisdiction, the jury was impaneled and sworn, the indictment read to the jury, but the accused did not plead to the indictment. The question is, did jeopardy attach? We answer in the negative. We know of no authority holding, under this state of case, that jeopardy would attach. The plea of defendant must be entered, and issue formed. The cases cited by appellant are mostly against him, and the others do not support his propositions. At what time does jeopardy attach? Upon this subject Mr. Bishop further says: 'On the completing and swearing of the panel, the indictment being good, and the preliminary things of record, to be explained further on, being perfect, jeopardy in the case begins.' Bish. New Cr. Law, Art. 1014. As to the preliminary things of record referred to in above article, Mr. Bishop says: 'Though the jury has been impaneled and sworn, there is still no jeopardy, therefore no bar to second proceeding, unless the court is clothed with authority, and the prior proceedings are such that a judgment upon the verdict duly returned will be valid.' Article 1020. Article 1029a, Id., is as follows: "The plea commonly put in at the arraignment is an essential part of the proceeding, so that, until an indicted person has pleaded, he is not in jeopardy, though a jury has been sworn to try him,' citing Link v. State, 3 Heisk. 252; U. S. v. Riley, 5 Blatchf. 204, Fed. Cas. No. 16,164; White v. State, 7 Tex. App. 374. We deem it unnecessary to cite other authorities upon this question."

We also quote from Steen v. State, 242 S. W. 1047, as follows: "Under the authorities we are of opinion that it should be stated as part of the definition of 'jeopardy' that one is not 'put upon trial' until the indictment or information is read to the jury and the plea of the accused is heard. Yerger v. State, (Tex. Cr. App.) 41 S. W. 621; Mays v. State, 51 Tex. Cr. R. 32, 101 S. W. 233; Sedgwick v. State, 57 Tex. Cr. R. 420, 123 S. W. 702."

In 12 Texas Jurisprudence, 629 it is said: "Where no plea is entered the trial is a nullity since there is no issue for the jury to try or for the court to determine."

In support of the text many authorities are cited, among them being Huff v. State, 25 S. W. 772.

Giving application to the announcement of the decisions, we think we are justified in holding that the record reveals that appellant had not been in legal jeopardy.

The motion for rehearing is overruled.