**William Green LUMSDEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37184.**

Court of Criminal Appeals of Texas.

Nov. 25, 1964.

Calloway Huffaker, Stephen Thompson, Tahoka, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for driving while intoxicated; the punishment, thirty days in jail and a fine of $500.

In view of our disposition of the case a recitation of the facts is unnecessary.

Bills of exception #1, 2, and 3, as approved by the court with certain qualifications, reflect that when the instant case was called for trial, after the court disposed of certain preliminary motions the information was read to the jury by the county attorney, who asked the appellant: "To which how do you plead?" Counsel for appellant then moved to quash the information and after the motion was overruled the state and appellant presented evidence and closed their case without appellant having entered a plea or one having been entered for him. At no time did appellant refuse or decline to plead to the information.

Prior to the court's reading his charge to the jury, appellant timely objected to that portion which read: "To this information the defendant has entered his plea of 'not guilty,'" on the ground that he had not entered a plea during the trial and that none had been entered for him. After the objection was overruled and the charge had been read to the jury, appellant filed a motion to the effect that if reading the charge constituted the entering of a plea of not guilty on his behalf, then the case should be reopened and testimony introduced, since reading the charge constituted the first time during the trial that issues

had been properly joined. Such motion was by the court overruled.

In his qualifications of the bills the court certifies that he overruled appellant's objection to the stated portion of the charge "because the Defendant was given the opportunity to enter a plea, and the Court having heard no plea from the Defandant, exercised its right of considering no plea as a plea of not guilty."

Following entry of judgment in the cause, which contained the recitation: " * * * and the defendant, William Green Lumsden, having been duly arraigned and having pleaded not guilty to the information herein," appellant filed his motion to enter judgment nunc pro tunc to correct the judgment by deleting the portion quoted, pointing out in his motion that at no time during the trial had he entered any kind of plea and none had been entered for him. The motion was by the court overruled.

From such bills it is made to affirmatively appear that appellant did not plea to the information and no plea was entered for him.

■ It is well settled in this state that a plea must be entered in every criminal case and if no plea is entered, the trial is a nullity, since there is no issue for the jury or the court. 16 Tex.Jur.2d 483, Sec. 307; Huff v. State, Tex.Cr.App., 25 S.W. 772; Thompson v. State, 46 Tex.Cr.R. 412, 80 S.W. 623; Sims v. State, 49 Tex.Cr.R. 199, 91 S.W. 579; Mays v. State, 51 Tex.Cr.R. 32, 101 S.W. 233; Wengenroth v. State, 107 Tex.Cr.R. 78, 294 S.W. 554; Corley v. State, 150 Tex.Cr.R. 107, 199 S.W.2d 782; Fowler v. State, 155 Tex.Cr.R. 35, 230 S.W.2d 810.

■ We are unable to agree with the state that, under the facts certified, appellant waived his right to enter a plea before the jury, as was done in Seale v. State, 158 Tex.Cr.R. 440, 256 S.W.2d 86, where the accused made no objection to a recitation in the court's charge that he had pleaded "not guilty." Nor do we agree that the court's qualification of the bills hereinabove set out shows that appellant refused to plead to the information and that the court entered a plea of not guilty for him, under the authority of Art. 500, Vernon's Ann. C.C.P.

For the reason that no plea was entered in the cause, the judgment of conviction cannot stand.

Upon another trial, under similar testimony, the trial court, if requested, should submit to the jury, with appropriate instructions, the issue as to whether appellant consented to the taking of the urine test.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.