COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

MARIA ESTELA GURROLA,                             )

                                                                              )               No.  08-00-00219-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
243rd District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of El Paso County, Texas

Appellee.                           )

                                                                              )                
(TC# 990D03789)

                                                                              )

 

 

O
P I N I O N

 

Appellant Maria Estela Gurrola appeals her
conviction for tampering with government records and sentence of 2 years= confinement, probated for 5 years with
a fine of $1,000 and additional restitution of $7,166.  Appellant raises three issues for review by
this Court.  First, she argues the trial
court erred in receiving the verdict of guilty because no plea was properly
entered.  Second, Appellant claims the
trial court should have ordered a mistrial when she attempted to enter a guilty
plea.  Third, Appellant contends she was
denied effective assistance of counsel at trial.  We affirm.








In March 1998,
Appellant applied for government assistance through the Texas Department of
Human Services.  As part of the
application process, Appellant completed both a written form and an oral
interview.  On both the form and to the
caseworker during the interview, Appellant indicated both she and her husband
were unemployed, received no monthly income, and did not own a vehicle.  As a result of these declarations, Appellant
qualified for and received government assistance in the form of $226 per month
in AFDC benefits, $615 per month in food stamps, and additional Medicaid
benefits for herself and her grandchildren.

At trial, the
State produced evidence Appellant had misstated the family income and assets.  In particular, evidence indicated the Gurrola family owned a 1994 Ford Aerostar
vehicle.  Appellant=s husband also testified he had been
employed since December 1997, earning a weekly income of approximately
$258.  The caseworker assigned to the Gurrola family testified that if this information had been
truthfully and accurately reported to the department, Appellant would not have
qualified for benefits.  The jury
ultimately convicted Appellant for entering false information on the government
assistance application.  Appellant
elected sentencing by the trial judge. 
She now brings this appeal.  








With her first
issue, Appellant complains the jury verdict was void as a matter of law because
neither she nor her counsel entered a plea of not guilty before the jury.  Just before the indictment was read to the
jury, defense counsel approached the bench and advised the court and the
prosecutor that his client might enter a guilty plea.  The indictment was then read aloud and the
court asked Appellant how she plead.  Appellant responded by pleading guilty.  The trial court then removed the jury from
the court and requested the prosecutor prepare plea papers.  As the judge was speaking to the attorneys,
an interpreter was relating the discussion to Appellant.  As this occurred, the judge heard Appellant
state that she was unsure whether she should plead guilty or not guilty.  The judge then stated on record what had
transpired and indicated that because Appellant was unsure how to plead, the
case would proceed to the jury.  After
further discussion between defense counsel and Appellant, the court called
Appellant as a witness outside the presence of the jury.  The following exchange occurred:

The
Court:        Are you the same Maria Gurrola who is the Defendant in this case?

 

Appellant:         Yes.

 

The
Court:        And you understand that you
have an absolute right to have this case tried before the jury was selected
while you were here?

 

Appellant:         Yes.

 

The
Court:        And you have a right to
enter a plea of not guilty?

 

Appellant:         Yes.

 

The
Court:        And yet you=ve entered a
plea of guilty?

 

Appellant:         It=s
that I=m
confused.  I don=t
know what to do.  I=m very confused.  I swear I don=t
know what to do, to sign or not to sign. 
I=m very
confused.

 

The
Court:        Well, here is what the law
says:  If you=re
confused about what to do, then the law insists that you have all your
rights.  So I=m going to give you your rights.  I=m
not going to take your plea.  I=m not
going to be convinced otherwise.  We=re going
to try this case.  Have your seat.

 

Defense
Counsel:          Thank you, Your Honor.

 

The
Court:        Mr. Kopra,
I suggest that you change your plea, but it=s
up to you if you want to leave it guilty --

 

Defense
Counsel:          I beg your pardon?

 

The
Court:        If you want to change your
plea and have her plead not guilty, she can do that.

 

Defense
Counsel:          All right.

 

The
Court:        Mr. Limas, get the jury.








Defense
Counsel:          Judge, would you -- on
second thought, would you be able to simply instruct the jury that you have
entered a plea of not guilty?

 

The
Court:        Sure.

 

Defense
Counsel:          Thank you.

 

The jury was then brought back into
the courtroom and the trial judge told them, ALadies
and gentlemen of the jury, after review of the Defendant=s
plea of guilty, the Court is not going to accept such and enters a plea of not
guilty for her.@  The trial then proceeded with opening
statements.

Appellant now
contends the court erred by entering a plea of not guilty for her.  She argues that because she did not refuse to
enter a plea of not guilty, the court was not allowed to enter a plea on her
behalf.  She further complains that the
court=s action
resulted in a nullity of trial that voids the verdict.

The order of
proceedings in a jury trial is governed by statute.  See Tex.Code Crim.Proc.Ann. art.
36.01 (Vernon Supp. 2002).  Article 36.01 mandates a defendant=s plea of not guilty be stated after
the indictment is read.  See Tex.Code Crim.Proc.Ann.
art. 36.01(a)(2).  There is no requirement the plea be entered
by the defendant herself.  See Cantu
v. State, 939 S.W.2d 627, 646 (Tex.Crim.App.
1997); Tex.Code Crim.Proc.Ann.
art. 27.16 (Vernon 1989).  Nor is it necessary for the plea to be
entered in the presence of the jury.  Cantu,
939 S.W.2d at 646. 
Furthermore, a defendant may waive her right to enter a plea, and have
evidence introduced on her plea, if she fails to make known her desire to plead
before the jury.  See Seale v. State,
158 Tex.Crim. 440, 256 S.W.2d 86, 88 (1953); Vasquez v. State, 653 S.W.2d
492, 495 (Tex.App.--Corpus Christi 1983), aff=d,
665 S.W.2d 484 (Tex.Crim.App. 1984).








In this case,
Appellant did not object to the court=s
omission under Article 36.01(a)(2).  Moreover, when the trial court suggested to
defense counsel that Appellant enter a plea of not
guilty before the jury, Appellant=s
counsel effectively declined, and instead requested the court to instruct the
jury it had entered a not guilty plea on Appellant=s
behalf.  This is precisely what the court
did.  No objection to the instruction was
made.  Because Appellant failed to bring
the omission to the trial court=s
attention through a timely objection, she waived any error.  Tex.R.App.P.
33.1; Seale, 256 S.W.2d at 88.  We further note that this issue is also
barred for review under the doctrine of invited error.  See Capistran v.
State, 759 S.W.2d 121, 124 (Tex.Crim.App. 1982); Heidelberg
v. State, 36 S.W.3d 668, 671 (Tex.App.--Houston
[14th Dist.] 2001, no pet.). 
Accordingly, Appellant=s
first issue is overruled.

With Appellant=s second issue, she argues the trial
court erred in not ordering a sua sponte mistrial at the time she entered a guilty
plea.  As previously discussed, Defense
counsel approached the bench prior to the reading of the indictment and
informed the court of the possibility that Appellant might plead guilty.  Appellant now argues the court should have
declared a sua sponte
mistrial when the plea of guilty was entered. 
Appellant cites no direct authority for this contention.  Instead, she argues that because the court
was aware of her possible plea of guilty, the judge should have admonished her
before asking for the plea.  Appellant
fails to explain how the court=s
failure to admonish her before asking for her plea created a situation
requiring a sua sponte
mistrial.








We begin by noting
the ordering of a mistrial is a remedy appropriate for a narrow class of highly
prejudicial and incurable errors.  Wood v. State, 18 S.W.3d 642, 648 (Tex.Crim.App.
2000).  As a
rule, once jeopardy attaches, a defendant possesses a valued right to have his
or her guilt or innocence determined before the first trier
of fact.  See Torres v. State,
614 S.W.2d 436, 441 (Tex.Crim.App.
[Panel Op.] 1981); Plunkett v. State, 883 S.W.2d 349,
354 (Tex.App.--Waco 1994, pet. ref=d).  An exception to this rule exists when a
defendant consents to a retrial or if a retrial is mandated by manifest
necessity.  Id.;
Arizona v. Washington, 434 U.S. 497, 98 S.Ct.
824, 54 L.Ed.2d 717 (1978).  As
such, a trial court may declare a mistrial if an impartial verdict cannot be
reached.  Ladd v. State, 3 S.W.3d
547, 567 (Tex.Crim.App. 1999), cert. denied,
529 U.S. 1070, 120 S.Ct. 1680, 146 L.Ed.2d 487
(2000).  A mistrial is also appropriate
in cases where a verdict of conviction could be reached, but would be reversed
upon appeal because of an obvious procedural error.  Id. 
As explained by the United States Supreme Court, and adopted in Texas, a
court may declare a sua sponte
mistrial Awhenever,
in [its] opinion, taking all circumstances into consideration, there is a
manifest necessity for the act, or the ends of public justice would otherwise
be defeated . . . .   [T]he power ought
to be used with the greatest caution, under urgent circumstances, and for very
plain and obvious causes.@  United States v. Perez,
22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824); Torres, 614 S.W.2d at 442.  Because a mistrial affects a constitutionally
protected right, we must determine that the trial court did not act
irrationally or irresponsibly.  Arizona,
434 U.S. at 515, 98 S.Ct. at 835.  A trial court=s
decision regarding the remedy of mistrial must reflect the exercise of sound
discretion.  Id.  The exercise of sound discretion normally
demands consideration of 
less drastic alternatives to a mistrial.  Torres, 614 S.W.2d
at 442; Harrison v. State, 788 S.W.2d 18, 22 (Tex.Crim.App.
1990).








In this instance,
the trial court=s actions
were both rational and responsible.  Arizona,
434 U.S. at 515.  Nothing in the record
indicates a need for a more drastic remedy or course of action.  Torres, 614 S.W.2d
at 442.  Appellant fails to
explain how the trial judge=s
actions created any form of manifest necessity requiring a sua
sponte mistrial. 
Torres, 614 S.W.2d at 442.  The record simply does not reflect the urgent
circumstances requisite in a sua sponte order of mistrial.  United States v. Perez, 22 U.S. at
580.  Finding no abuse of discretion or
error on the part of the trial court, we overrule Appellant=s second issue.

The third issue on
appeal concerns Appellant=s
contention she was denied effective assistance of counsel at trial.  She argues constitutionally ineffective
assistance resulted in an unfavorable verdict of guilty by the jury.  In particular, Appellant contends her counsel
provided inadequate representation based on the following:  (1) failure to move for a mistrial upon the
court=s failure
to admonish Appellant prior to the reading of the indictment; (2) failure to
move for a mistrial when a plea was not properly entered; (3) failure to
preserve error by objecting to admission of extraneous offenses; (4) failure to
properly object and obtain a ruling on the relevancy of certain evidence; (5)
failure to properly address the testimony of Jose Gurrola;
and (6) failure to object to improper comments made by the prosecutor during
closing argument.








Claims of
ineffective assistance of counsel are reviewed according to the two-part test
enunciated in Strickland v. Washington.[1]  Hernandez v. State,
988 S.W.2d 770, 770 (Tex.Crim.App. 1999).  A criminal defendant must first establish he
or she received insufficient assistance from counsel.  Thompson v. State, 9
S.W.3d 808, 812 (Tex.Crim.App. 1999).  To do this, a defendant must demonstrate that
counsel=s
performance fell below an objective standard of reasonableness.  McFarland v. State, 928 S.W.2d 482,
500 (Tex.Crim.App. 1996), cert. denied, 519
U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d 851
(1997).  Under the second prong of the Strickland
test, a defendant must affirmatively prove counsel=s
deficient performance prejudiced her defense. 
Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). 
Such prejudice is shown by establishing there is a reasonable
probability that, but for counsel's unprofessional errors, the result of the
proceeding would have been different.  Id.

Claims of
ineffective assistance by counsel must be proved by a  preponderance of the evidence, and
that burden lies with the defendant.  Jackson v. State, 973 S.W.2d 954, 956 (Tex.Crim.App.
1998).  An appellate court looks
to the circumstances of each case and considers the totality of the
representation.  Butler
v. State, 716 S.W.2d 48, 54 (Tex.Crim.App. 1986);
Perrero v. State, 990 S.W.2d 896, 899 (Tex.App.--El Paso 1999, pet. ref=d).  There is a strong presumption that counsel=s conduct fell within the wide range of
reasonable professional assistance.  Mallett
v. State, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001); Calderon
v. State, 950 S.W.2d 121, 126 (Tex.App.--El Paso
1997, no pet.).  As such, the
appellate review is highly deferential to trial counsel.  Ingham v. State, 679
S.W.2d 503, 509 (Tex.Crim.App. 1984).  Finally, all claims of ineffective assistance
must be founded firmly in the record.  McFarland,
928 S.W.2d at 500; Perrero,
990 S.W.2d at 899.  If the record on
appeal is undeveloped and does not adequately demonstrate the failings of trial
counsel, then the ineffective assistance of counsel claim will not
prevail.  See Thompson, 9 S.W.3d 808, 813-14.








In the case before
us, Appellant failed to establish a record of counsel=s
deficient assistance.  No Motion For New Trial was ever filed and no hearing was held on the
issue of defense counsel=s
assistance.  As a result, Appellant=s claims related to ineffective assistance
of counsel are not supported by the record before us.  See Thompson v. State, 9 S.W.3d 808,
813 (Tex.Crim.App. 1999); Perrero,
990 S.W.2d at 899.  Because the record
does not establish the reasons behind the trial attorney=s
actions, Appellant has failed to rebut the strong presumption that the actions
taken by her trial counsel fell within the wide range of reasonable
professional assistance.  Thompson,
9 S.W.3d at 814. 
Appellant=s third
issue on appeal is overruled.

Having overruled
each of Appellant=s issues
raised for review, we affirm the judgment of the trial court.  

 

August
15, 2002

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
466 U.S. 668, 687, 104 S.Ct. 2052,
2064, 80 L.Ed.2d 674 (1984).