Berisha v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-417-CR

KOLJANISHO BERISHA A/K/A APPELLANT

KOLJA NISHO BERISHA

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

------------

MEMORANDUM
 OPINION
(footnote: 1)

------------

Koljanisho Berisha appeals his conviction for criminal trespass.  In seven points, he contends that his right to a speedy trial was violated, that a portion of the State’s jury argument was improper, and that he was denied his federal and state constitutional and statutory “right” to plead guilty.  Because we conclude that all of these complaints are waived, we will affirm.

In his first, second, and third points, appellant claims that his right to a speedy trial was violated.  This complaint is waived because appellant is raising it for the first time on appeal.  
See
 
Mulder v. State
, 707 S.W.2d 908, 915 (Tex. Crim. App. 1986); 
Wade v. State
, 83 S.W.3d 835, 838 (Tex. App.—Texarkana 2002, no pet.); 
Serna v. State
, 882 S.W.2d 885, 889-90 (Tex. App.—Corpus Christi 1994, no pet.) (all holding that defendant must assert violation of right to speedy trial in the trial court or complaint is waived).  We overrule appellant’s first, second, and third points.

In appellant’s fourth point, he contends that a portion of the State’s jury argument was improper and that the trial court gave a deficient curative instruction.  To preserve an objection to jury argument for our review, a defendant must pursue the objection to an adverse ruling.  
Mathis v. State
, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002); 
Cockrell v. State
, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1173 (1997); 
see also 
Tex. R. App. P.
 33.1(a)(1).  The proper method to object to jury argument is: (1) object; (2) request an instruction to disregard; and (3) move for a mistrial.  
Mathis
, 67 S.W.3d at 926-27; 
Brooks v. State
, 642 S.W.2d 791, 798 (Tex. Crim. App. [Panel Op.] 1982).  The defendant cannot skip steps and request a mistrial without first obtaining an adverse ruling and requesting an instruction to disregard.  
McGinn v. State
, 961 S.W.2d 161, 165 (Tex. Crim. App. 1998).  The trial court must clearly overrule the objection to constitute an adverse ruling.  An admonishment to the prosecution to “stay within the record” in making jury argument is not an adverse ruling, nor is a trial court’s comment after an objection that “the jury will be guided by the instructions” on an issue.  
Washington v. State
, 16 S.W.3d 70, 73 (Tex. App.—Houston [1
st
 Dist.] 2000, pet. ref’d);
 Willey v. State
, No. 06-00-00174-CR, 2001 WL 1511846, at *2-3 (Tex. App.—Texarkana Nov. 29, 2001, no pet.) (not designated for publication);
 Reynolds v. State
, 848 S.W.2d 785, 790 (Tex. App.—Houston [14
th
 Dist.] 1993, pet. ref’d). 

In this case, appellant objected to a portion of the State’s argument that referred to appellant’s two prior murder convictions on the ground that the prosecutor was asking the jury to consider the convictions for reasons other than the defendant’s credibility.  The trial court remarked to the jury, “You’re instructed in my charge about prior convictions and considering the limited instruction of the prior convictions for credibility of the defense testimony.”  Appellant’s counsel then moved for a mistrial, and the trial court overruled the motion.  The trial court’s comment to the jury was not an adverse ruling; therefore appellant waived his complaint by failing to obtain an adverse ruling before requesting a mistrial.  
See Mathis
, 67 S.W.3d at 926-27; 
Willey
, 2001 WL 1511846, at *2; 
see also
 
Tex. R. App. P.
 33.1(a)(2).  We overrule appellant’s fourth point.

In his fifth, sixth, and seventh points, appellant contends that he was denied his constitutional and statutory “right” to plead guilty when the trial court entered a plea of “not guilty” on his behalf.  Failure to object to the trial court’s entry of a plea is waived if it is not raised in the trial court.  
Tex. R. App. P.
 33.1(a)(1); 
Seale v. State
, 158 Tex. Crim. 440, 256 S.W.2d 86, 88 (1953) (op. on reh’g) (holding defendant’s complaint about trial court’s entry of not guilty plea after defendant’s failure to plead was waived when no objection was made at trial); 
see also Cantu v. State
, 939 S.W.2d 627, 646 (Tex. Crim. App.) (holding that failure to object in trial court waived complaint that defendant did not have opportunity to publicly plead not guilty to jury), 
cert. denied
, 522 U.S. 994 (1997).  Appellant failed to object to the trial court’s entry of a “not guilty” plea and has therefore waived this complaint.  We overrule appellant’s fifth, sixth, and seventh points.

Having overruled appellant’s points, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAY and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 30, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.