COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-417-CR
 
KOLJANISHO BERISHA A/K/A                                                 APPELLANT 
KOLJA NISHO BERISHA
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Koljanisho Berisha appeals his conviction for criminal trespass. In seven 
points, he contends that his right to a speedy trial was violated, that a portion 
of the State’s jury argument was improper, and that he was denied his federal 
and state constitutional and statutory “right” to plead guilty. Because we 
conclude that all of these complaints are waived, we will affirm. 
        In his first, second, and third points, appellant claims that his right to a 
speedy trial was violated. This complaint is waived because appellant is raising 
it for the first time on appeal. See Mulder v. State, 707 S.W.2d 908, 915 
(Tex. Crim. App. 1986); Wade v. State, 83 S.W.3d 835, 838 (Tex. 
App.—Texarkana 2002, no pet.); Serna v. State, 882 S.W.2d 885, 889-90 
(Tex. App.—Corpus Christi 1994, no pet.) (all holding that defendant must 
assert violation of right to speedy trial in the trial court or complaint is waived). 
We overrule appellant’s first, second, and third points. 
        In appellant’s fourth point, he contends that a portion of the State’s jury 
argument was improper and that the trial court gave a deficient curative 
instruction. To preserve an objection to jury argument for our review, a 
defendant must pursue the objection to an adverse ruling. Mathis v. State, 67 
S.W.3d 918, 927 (Tex. Crim. App. 2002); Cockrell v. State, 933 S.W.2d 73, 
89 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1173 (1997); see also Tex. 
R. App. P. 33.1(a)(1). The proper method to object to jury argument is: (1) 
object; (2) request an instruction to disregard; and (3) move for a mistrial. 
Mathis, 67 S.W.3d at 926-27; Brooks v. State, 642 S.W.2d 791, 798 (Tex. 
Crim. App. [Panel Op.] 1982). The defendant cannot skip steps and request a 
mistrial without first obtaining an adverse ruling and requesting an instruction 
to disregard. McGinn v. State, 961 S.W.2d 161, 165 (Tex. Crim. App. 1998). 
The trial court must clearly overrule the objection to constitute an adverse 
ruling. An admonishment to the prosecution to “stay within the record” in 
making jury argument is not an adverse ruling, nor is a trial court’s comment 
after an objection that “the jury will be guided by the instructions” on an issue. 
Washington v. State, 16 S.W.3d 70, 73 (Tex. App.—Houston [1st Dist.] 2000, 
pet. ref’d); Willey v. State, No. 06-00-00174-CR, 2001 WL 1511846, at *2-3 
(Tex. App.—Texarkana Nov. 29, 2001, no pet.) (not designated for 
publication); Reynolds v. State, 848 S.W.2d 785, 790 (Tex. App.—Houston 
[14th Dist.] 1993, pet. ref’d). 
        In this case, appellant objected to a portion of the State’s argument that 
referred to appellant’s two prior murder convictions on the ground that the 
prosecutor was asking the jury to consider the convictions for reasons other 
than the defendant’s credibility. The trial court remarked to the jury, “You’re 
instructed in my charge about prior convictions and considering the limited 
instruction of the prior convictions for credibility of the defense testimony.” 
Appellant’s counsel then moved for a mistrial, and the trial court overruled the 
motion. The trial court’s comment to the jury was not an adverse ruling; 
therefore appellant waived his complaint by failing to obtain an adverse ruling 
before requesting a mistrial. See Mathis, 67 S.W.3d at 926-27; Willey, 2001 
WL 1511846, at *2; see also Tex. R. App. P. 33.1(a)(2). We overrule 
appellant’s fourth point. 
        In his fifth, sixth, and seventh points, appellant contends that he was 
denied his constitutional and statutory “right” to plead guilty when the trial 
court entered a plea of “not guilty” on his behalf. Failure to object to the trial 
court’s entry of a plea is waived if it is not raised in the trial court. Tex. R. App. 
P. 33.1(a)(1); Seale v. State, 158 Tex. Crim. 440, 256 S.W.2d 86, 88 (1953) 
(op. on reh’g) (holding defendant’s complaint about trial court’s entry of not 
guilty plea after defendant’s failure to plead was waived when no objection was 
made at trial); see also Cantu v. State, 939 S.W.2d 627, 646 (Tex. Crim. App.) 
(holding that failure to object in trial court waived complaint that defendant did 
not have opportunity to publicly plead not guilty to jury), cert. denied, 522 U.S. 
994 (1997). Appellant failed to object to the trial court’s entry of a “not guilty” 
plea and has therefore waived this complaint. We overrule appellant’s fifth, 
sixth, and seventh points. 
        Having overruled appellant’s points, we affirm the trial court’s judgment. 
 
 
                                                                  JOHN CAYCE 
                                                                  CHIEF JUSTICE 
 
PANEL A:   CAYCE, C.J.; DAY and GARDNER, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: October 30, 2003