## Oscar Ward v. State.

No. 26,183. March 18, 1953.
State's Motion for Rehearing Denied
(Without Written Opinion) May 13, 1953.

*Croslin & Pharr,* by *E. G. Pharr,* Lubbock, for appellant.

*E. W. Boedeker,* County Attorney, Levelland, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for unlawfully possessing whisky for the purpose of sale in a dry area; the punishment, a fine of $500 and 30 days in jail.

Appellant challenges the sufficiency of the evidence to sustain the conviction.

Without detailing the facts, they are deemed sufficient to support the state's contention that appellant, upon the approach of officers to search his home for intoxicating liquors, attempted to break four bottles of whisky by causing them to fall into a well. Three of the bottles were broken; the other was not and, upon being recovered, showed to be a pint bottle of whisky. The "tops" of the broken bottles were recovered, but there is an absence of any testimony as to the size of the bottles or the amount of fluid capable of being contained therein.

Appellant's guilt, under the charge of the court, was expressly made to depend upon the statute which provides that possession of more than a quart of whisky in a dry area constitutes prima facie proof that the whisky is possessed for the purpose of sale. Art. 666-23a, Sec. (2), Vernon's P. C.

The evidence, when tested by the above charge, must be sufficient to show the possession of more than a quart of whisky by the appellant in order to sustain a conviction.

The proof shows the possession by appellant of only a pint of whisky. We have no authority to indulge the presumption against the appellant as to what amount of whisky was contained in the three broken bottles or that such amount was in excess of one pint.

Suspicious circumstances do not constitute proof, nor may a conviction be predicated thereon. It was the burden of the state, under the court's charge, to show that appellant possessed more than a quart of whisky. This it failed to do.

Because the evidence is insufficient to support the conviction, the judgment is reversed and the cause remanded.

Opinion approved by the court.