## OSCAR WARD V. STATE

No. 27,000.   May 19, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) June 23, 1954

*Croslin & Pharr*, by *E. G. Pharr*, Lubbock, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the possession of whisky for the purpose of sale in a dry area; the punishment, six months in jail and a fine of $500.00.

The former appeal of this case is reported in 158 Texas Cr. Rep. 538, 257 S.W. 2d 307. The reversal was predicated upon the insufficiency of the evidence. The record before us was much more carefully prepared than was the prior trial. The officers elaborated more fully on what they found at the bottom of the well. Inspector Hood testified that, in addition to the unbroken pint of whisky, they also recovered eleven pint bottle necks, to some of which were attached "federal government strip stamps" used to "seal the liquor," and several pieces of glass, some bearing the label "Bourbon DeLuxe" and others "Hill & Hill." A more detailed description of what the officers found is contained in the reporter's description of the exhibits. From this we learn that seven of the bottle top necks bore at least some portion of a Texas or Federal Distilled Spirits Tax Stamp and that on the pieces of glass were found labels such as "Kentucky Straight Bourbon Whisky, 86 Proof, 4 Years Old" and "Old Crow" _and at least two broken bottles had "One Pint" molded in the glass.

From this description, it is easily discernible that far in excess of a quart of whisky had been dropped into this well upon the arrival of the officers. The well was equipped with interlacing steel arms which would be calculated to break any glass object dropped down its shaft. The odor of whisky was so strong that the officer who descended into the well was required to carry a garden hose connected to a vacuum cleaner in order to get a supply of fresh air.

We find the evidence sufficient to support the conviction.

Appellant contends that the information was not read to the jury nor was he called upon to enter a plea thereto.

Evidently he relies upon the failure of the statement of facts to affirmatively show that such was done and overlooks the provisions of Articles 847, V.A.C.C.P.

Recently, in Seale v. State, 158 Texas Cr. Rep. 440, 256 S.W. 2d 86, we had occasion to write extensively on this question. There we held that a recitation in the court's charge to the jury that the accused had plead not guilty to the information constituted a sufficient showing that the same had occurred. The charge in the instant case contains such a recitation, as does the judgment. See Davis v. State, 70 Texas Cr. Rep. 563, 158 S.W. 283 and Mays v. State, 51 Texas Cr. Rep. 32, 101 S.W. 233.

Finding no reversible error, the judgment of the trial court is affirmed.