## BOBBY GENE DONIHOO V. STATE

No. 27,081. June 26, 1954.

*Robert D. Billings,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *George P. Black-burn, John Burns* and *C. S. Potts,* Assistants Criminal District Attorney, Dallas, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is burglary of a private residence at night; the punishment, 15 years.

Frances Louise Diamond testified that she made a trip to Ennis and return on the night of August 19 and that this was the only time her house was left unattended. She stated that on the morning of August 21 Police Chief Keene came to her house and asked her why she had not reported a burglary. She stated that she then, in company with Officer Keene, made an inspection of an infrequently used bedroom in her house and determined that it had been burglarized and that her expensive furs had been stolen. She testified that she recovered her furs from Officer Keene the following Monday and that an effort had been made to obliterate her name therein. She further testified that she knew Genna Fern Donihoo, who worked where she did.

Willie Rea McDaniel testified that she was in company with the appellant, Ray and Genna Donihoo in a rented automobile

on the night of August 19, that they stopped the automobile and pointed out a house where they said Frances Diamond lived, that Ray and the appellant left the automobile and went toward the back of the house in question, where they remained for approximately 20 minutes. She testified that as the men were returning an automobile passed, and they hid behind a tree and that when they did get back they had some furs. She stated that after they got to Ray and Genna's home Genna tried to cut the name "Frances Louise Diamond" out of the lining of the furs.

She further testified that she saw the appellant a few days later, and he told her that Ray had taken the furs to a man who was hiding them for him.

Eddie Boone testified that the appellant and Ray Donihoo on August 21 brought two bags containing furs to his place of business, told him that they were "hot" and borrowed $20.00 on them. He testified that later the police came to his house and that he had carried them to his place of business and had given them the furs.

Police Chief Keene testified that he received information that Frances Diamond's home had been burglarized and went to inquire of her why she had not reported it, that in company with her he inspected her house and found where the burglarious entry had been made. He testified that he had then arrested the appellant and thereafter went looking for Eddie Boone and that when he found him Boone took the officers to his place of business and turned over the furs bearing Frances Diamond's name to them and that the owner came and identified her furs the following Monday.

Appellant did not testify or offer any evidence in his behalf.

Appellant raises only two questions on appeal. He first contends that the state failed to prove the dissolution of the marriage between the prosecuting witness and Sam Fogle and that therefore the indictment should have named Fogle as the injured party.

The only mention of Fogle we find in the record is a question, "State the facts in regard to whether or not you were married to Sam H. Fogle on October 8th, 1937," to which the prosecutrix answered, "Yes." The prosecuting witness testified that her name was Frances Louise Diamond and that she owned the home which was burglarized. She does not mention having a

husband and names the other occupants of the home as her mother and her daughter. We overrule appellant's contention in this respect.

He next contends that the evidence is insufficient to corroborate the testimony of the accomplice witnesses. The trial court instructed the jury that the witnesses Boone and McDaniel were accomplice witnesses as a matter of law. As to Boone he was possibly correct since it was shown that he was under indictment for the same offense.

As to McDaniel, it was not shown that she knew the nature of the enterprise before the automobile came to a halt in front of the Diamond home or that she kept watch or concealed the fact that a crime had been committed when questioned by the properly constituted investigating authorities.

Be that as it may, we think the testimony of Police Chief Keene concerning the finding of the furs in the possession of Boone sufficiently corroborated his testimony.

The testimony of Frances Diamond that an effort had been made to cut her name out of the lining of the furs corroborated the testimony of the witness McDaniel, if such was necessary.

Finding no reversible error, the judgment of the trial court is affirmed.