## LONNIE W. SHAWHART V. STATE

No. 29,526. February 5, 1958.

*Allen Harp*, Childress, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession for the purpose of sale of gin and vodka in a dry area; the punishment, a fine of $500.00.

Sheriff Baten testified that, armed with a search warrant, he went to a taxi stand operated by the appellant and informed the appellant of the purpose of his visit; that the appellant asked him if he wanted to search the taxi stand, and he replied he had come to search the appellant's residence which was next door; that the appellant said he had no key to get in his residence and would have to call on the telephone in order for them to gain admittance, which the appellant did. He stated that when they arrived at the residence they knocked several times, and several minutes later the appellant's wife admitted them; that he and his deputy went to the bathroom where, in the clothes hamper, they found one full pint bottle of vodka and the remains of six broken half pint bottles, four of vodka and two of gin; that the clothes in the hamper were wet with gin and vodka; and that just outside the bathroom door in a stack of unironed clothes he found another full half pint of vodka. The seals on none of the bottles had been broken and bore tax stamp numbers in the same numerical bracket, indicating that the vodka had all been bottled at the same time and that the two bottles of gin had been bottled at the same time. He testified that, in addition to the appellant and his wife, an elderly Mr. Kelly resided in the house which was searched, but that his room and bathroom were on another side of the building and that he was not at home at the time of the search.

Deputy Sheriff Neal testified that he accompanied Baten to the taxi stand but that, instead of going to the door of the residence with them, he went around on the outside of the building, walked up to a window, heard glass breaking, and when he got in the house discovered that it was the bathroom window at which he had been listening.

P. F. Kelly testified that he had resided in the house in question for some time, that the appellant and his wife had resided there for two months prior to the time of the raid and denied that the intoxicants belonged to him or that he used the bathroom where they were found.

The appellant did not testify or offer any evidence in his own behalf.

Appellant first contends that the evidence is insufficient to show that he was in possession of the premises searched. The sheriff testified that he had known the appellant for twelve years, knew the location of his taxi stand and where he resided. He next contends that the evidence is insufficient to show that

he was in possession of more than one quart of gin and vodka in order for the state to rely on the prima facie presumption. Sheriff Baten was permitted to testify without objection that the clothes in the hamper were soaked with gin and vodka. The evidence is clear that all the bottles involved were half pint bottles, which fact alone distinguishes this case from the first Ward case, Ward v. State, 158 Texas Cr. Rep. 538, 257 S.W. 2d 307. In the second trial of the Ward case, 160 Texas Cr. Rep. 338, 268 S.W. 2d 669, the capacity of the bottles was shown, and this court affirmed the conviction.

Appellant next contends that reversible error is reflected in the examination of the witness Kelly where the prosecutor, after receiving from the witness a denial that the liquor was his, made this foolish comment, "I thought if you had any connection it would be the first time I ever heard of it—you have been a fine old citizen." Immediately upon objection by the appellant, state's counsel admitted his error, and the court instructed the jury not to consider the remark. We must now determine if this should call for a reversal of this conviction. If Kelly had been the state's principal witness, if there had been other evidence which made an issue as to his testimony, or if state's counsel and the court had not responded so promptly to the objection, then a far more serious question would have been presented; but, under the record here presented, we conclude that it does not.

W find no merit in appellant's contention that the information was filed prior to the commission of the offense. In order for him to have supported such a contention, it became incumbent upon him to show the hour of filing.

Finding no reversible error, the judgment of the trial court is affirmed.