The above rule is equally applicable under a plea of former acquittal.

The rules applicable and controlling the problem here presented are discussed in .the following cases, although they were affirmed on other grounds: Cloninger v. State, 101 Tex.Cr.R. 1, 274 S.W. 596; Jones v. State, 161 Tex.Cr.R. 492, 278 S. W.2d 844.

▉ There was evidence introduced by the state in Cause No. 16,933 that had been theretofore introduced in Cause No. 16,932 which was sufficient to sustain a conviction in Cause No. 16,932 and could have been used by the jury as a basis for either or both verdicts in said causes. Therefore the former judgment of acquittal operates as a bar to the prosecution and conviction in this cause.

For the failure of the court to sustain the plea of .former acquittal the judgment is reversed.

Opinion approved by the Court.

Eddie Menjarez GONZALEZ, Appellant,

v.

STATE of Texas, Appellee.

No. 30238.

Court of Criminal Appeals of Texas.

Dec. 17, 1958.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $50.00.

No statement of facts accompanies the record. By bill of exception it is made to appear that the information was not read to the jury nor did appellant plead to the same. The court's charge to the jury, however, recites "To this charge the defendant has plead 'not guilty.'" There is an entire absence of any showing in the record that the accused did not waive the reading of the information or his right to enter a plea before the jury, and the case of Seale v. State, 158 Tex.Cr.R. 440, 256 S.W.2d 86, is here controlling.

The judgment is affirmed.