ALEXANDER SIMS V. STATE.

No. 30,544. April 1, 1959.
Motion for Rehearing Overruled May 6, 1959.

*Richard D. Bird,* Childress, for appellant.

Leon Douglas, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for possession of whisky and vodka for the purpose of sale in a dry area; the punishment, thirty days in jail and a fine of $350.

Hall County Sheriff Baten and his deputy, Elmer Neel, were coming from Morningside Addition to Memphis after midnight. As they approached a paved road, a Cadillac automobile turned off on the road the officers were traveling, and Sheriff Baten turned around and followed it.

The officers noticed some broken bottles in the road which they did not see when they drove by shortly before.

They proceeded, following the Cadillac and stopped it some 150 yards further down this road, and while the sheriff talked to the driver, his deputy walked back down the road.

Appellant was driving the Cadillac and there were two young men with him, whose identity is not disclosed by the record.

Asked why "he threw that out on the road" appellant said: "Oh, we were drinking a little beer, and we didn't want to get it caught in the car," but later in the conversation, after Deputy Neel walked back down the road, appellant said: "No, I'm not going to lie to you. That was whisky."

Appellant left after the sheriff took his name and told him that he might want to see him Monday, and that he had no right "to break that glass on the road."

Sheriff Baten testified that:

"Q. Did you hear the defendant admit that he threw the bottles on the highway? A. Yes, sir.

"Q. When was that? A. Well, he did it that night we stopped him, when we stopped him.

"Q. What other time? A. Well, while we were still talking to him, he admitted it was whisky bottles instead of beer, as he originally said.

"Q. Did you later overhear him in Justice Court admit that? A. Yes, sir."

Investigation revealed four lugs of whisky and vodka, each containing eight half-pint bottles, there in the road, of which seventeen bottles were unbroken.

These and the lugs and some of the broken bottles were offered in evidence at the trial.

The state then offered further proof by circumstances to establish that the whisky and vodka were thrown from the automobile which appellant was driving. This testimony was to the effect that no other car had passed; that the bottles were not there before, but were in the road immediately after the Cadillac passed.

Appellant excepted to the court's failure to charge on circumstantial evidence.

The admissions of appellant above set out are deemed sufficient to obviate the necessity of such a charge. Bailey v. State, 97 Texas Cr. Rep. 312, 260 S.W. 1057.

The trial court did not err in permitting the information to be amended so as to show the date of the prohibition election as 1911 instead of 1958. Rowlett v. State, 156 Texas Cr. Rep. 44, 238 S.W. 2d 781; Toliver v. State, 158 Cr. Rep. 223, 254 S.W. 2d 388.

Appellant complains because the trial judge overruled his plea of former conviction based upon his conviction upon a plea of guilty the next morning, in the justice court, of the throwing of glass on the highway.

The separate character of the offenses was not changed by the fact that appellant threw the bottles and broke them on the road to aid in concealing his possession of the liquor therein. Thompson v. State, 99 Texas Cr. Rep. 470, 269 S.W. 1048.

The sheriff's testimony that he heard appellant admit throwing the bottles on the highway when he pleaded guilty to doing so in the justice court the next morning was admissible. The same transaction was involved and appellant was not under arrest.

Two bystanders bills relate to the claim that reversal is required because no plea was entered by or for appellant at the trial.

We agree that a sufficient showing is made that the defendant did not in person or by his counsel plead to the information. We cannot agree, however, to be bound by the conclusion of the bystanders that no plea was entered for him.

Art. 500 C.C.P. provides: "If the defendant answer that he is not guilty, the same shall be entered upon the minutes of the court; if he refuses to answer, the plea of not guilty shall in like manner be entered."

The court, in his charge, advised the jury as to the charge in the information and stated: "To this charge the defendant has plead 'not guilty.' "

The judgment entered recites: "and the defendant Alexander Sims pleaded 'not guilty' to the charge contained in the information" and that the jury heard the information read and "the defendant's plea of 'not guilty' thereto."

In Seale v. State, 158 Texas Cr. Rep. 440, 256 S.W. 2d 86, a similar contention was before us and we held that the recitation in the charge refuted the claim that no plea was entered for the defendant, and complied with Art. 500 C.C.P. See also Ward v. State, 160 Texas Cr. Rep. 338, 268 S.W. 2d 669; and Gonzalez v. State, 318 S.W. 2d 658.

It is true that the charge of the court does not become a minute entry, but the plea was entered upon the minutes as a part of the judgment.

The judgment is affirmed.