E. J. WARD V. STATE.

No. 30,865. October 21, 1959.
Motion for Rehearing Overruled December 2, 1959.

*Richard D. Bird,* Childress, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $200.00.

Deputy Sheriff Ingram testified that while on patrol on the night in question he met an automobile which was being driven on its wrong side of the road; that he turned around and gave chase; that when he overtook the automobile the appellant was driving and as he got out the appellant demanded to know "why in the hell" he was being stopped; that the appellant staggered, leaned on his automobile, talked with a thick tongue, smelled like beer, and he expressed the opinion that the appellant was intoxicated. Ingram's testimony was corroborated by the witness Whitfield, who was riding with him on the night in question, and by Sheriff Owen, who saw the appellant after his arrival at the jail.

The appellant and his witnesses testified that he had drunk two beers on the night in question but denied that he was intoxicated.

The jury resolved the conflict in the evidence against the appellant, and we find it sufficient to support its verdict.

In his brief, the appellant refers to two formal bills of exception. A search of the record fails to reveal any such bills.

Finding no reversible error, the judgment of the trial court is affirmed.

ON MOTION FOR REHEARING

BELCHER, Judge.

Subsequent to the delivery of the original opinion in this cause, a supplemental transcript containing two formal bills of exception not shown in the original transcript were forwarded to this court.

Appellant urges error because he never entered a plea to the information when it was read to the jury.

It appears from the bills of exception that the appellant did not in person or by counsel plead to the information when it was read to the jury.

Both the court's charge to the jury and the judgment recite that the appellant plead "not guilty."

The recitations in the court's charge to the jury and in the judgment entered of record refute the claim that no plea was entered for the defendant when the information was read to the jury. Ward v. State, 160 Texas Cr. Rep. 338, 268 S.W. 2d 669; Gonzales v. State, 318 S.W. 2d 658; Seale v. State, 158 Texas Cr. Rep. 440, 256 S.W. 2d 86; Sims v. State, (page 98, this volume), 323 S.W. 2d 466-468.

The motion for rehearing is overruled.

Opinion approved by the Court.